**Gary DUNCAN, Plaintiff-Appellee,**

**v.**

**Leander H. PEREZ, Jr., Defendant-Appellant.**

**No. 31089.**

United States Court of Appeals, Fifth Circuit.

June 14, 1971.

---

———————◆———————

Sidney W. Provensal, Jr., New Orleans, La., for defendant-appellant.

Alvin J. Bronstein, Cambridge, Mass., George M. Strickler, Jr., New Orleans, La., Richard B. Sobol, Washington, D. C., Thomas C. Grey, Washington, D. C., Anthony G. Amsterdam, Stanford Law School, Stanford, Cal., Robert F. Collins, Nils R. Douglas, New Orleans, La., for plaintiff-appellee; Donald Juneau, Shiprock, N. M., Robert P. Roberts, New York City, of counsel.

Before GODBOLD, SIMPSON and CLARK, Circuit Judges.

SIMPSON, Circuit Judge:

On October 20, 1970, the district judge entered an order supported by a detailed opinion, permanently enjoining Leander Perez, Jr., the District Attorney of Plaquemines Parish, Louisiana, from further prosecuting the appellee, Gary Duncan, in the Louisiana state courts on a charge of simple battery. Duncan v. Perez, E.D.La.1970, 321 F. Supp. 181. The United States Supreme Court, on February 23, 1971, decided Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669. The appellant asks us to reverse the judgment of the district court as violative of the Supreme Court's ruling in Younger v. Harris.[1] We find that the district judge accurately forecast by his opinion the criteria which the Supreme Court established in Younger v. Harris for the grant of federal injunctive relief against state prosecutions. Accordingly, we affirm.

The facts are gone into fully in the district court opinion, and will be repeated here only to the extent necessary to our disposition. On October 18, 1966, the appellee, a 19 year old Negro, intervened in a street confrontation between two of the appellee's young relatives, a nephew and cousin, and four young white boys. Each of the boys involved was about twelve years of age. This incident occurred near the then recently integrated Bootheville-Venice School in

---

1. Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, decided February 23, 1971, with five other cases, each dealing in one phase or another with appropriate guidelines to be followed in the delicate interplay between the federal and state sovereignties in the carrying out of their respective functions. The other February 23 cases are: Boyle v. Landry, 1971, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696; Samuels v. Mackell, 1971, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688; Dyson v. Stein, 1971, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781; Perez v. Ledesma, 1971, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701; and Byrne v. Karalexis, 1971, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792.

Plaquemines Parish, and led to the filing of a charge against Gary Duncan of cruelty to a juvenile, allegedly because Duncan slapped Herman Landry, Jr., one of the white boys, on the arm. The charge was based upon an affidavit sworn to by Landry, Sr., before a Justice of the Peace in Port Sulphur, Louisiana. The Justice of the Peace at nearby Venice was avoided because he was Landry, Sr.'s step-father. When it was discovered at a preliminary hearing that the cruelty to a juvenile charge was applicable only in a parent-child situation, that charge was dropped and the battery charge substituted. Following a non-jury trial, appellee was found guilty of simple battery on January 25, 1967, and sentenced to two months in prison and a fine of $150.00, with an additional twenty days in prison if the fine was not paid. The conviction was denied review in the Louisiana Supreme Court's State v. Duncan, 250 La. 253, 195 So.2d 142, but on the ground that Duncan had been deprived of his constitutional right to trial by jury, the United States Supreme Court granted certiorari and reversed the conviction. Duncan v. Louisiana, 1968, 391 U.S. 145, 88 S.Ct. 1444, 20 L. Ed.2d 491, reh. denied 392 U.S. 947, 88 S.Ct. 2270, 20 L.Ed.2d 1412.

On January 3, 1969, appellee instituted this action pursuant to Title 42, U.S. C. § 1983, Title 28, U.S.C. § 1343(3) and Title 28, U.S.C. §§ 2201–2202, in an effort to bar his retrial on the simple battery charge.[2] Trial was held below June 8, 1970, at which time the district judge agreed to take judicial notice of the record made before him in the case of Sobol v. Perez, E.D.La., 1968, 289 F. Supp. 392. In addition he heard live testimony and received and considered numerous depositions. In his opinion, the district judge recited at great length the steps taken to make the simple battery prosecution as burdensome as possible for the appellee[3] and the history of race relations in Plaquemines Parish[4] in recent years. On the basis of his carefully detailed recitation, the following findings were made by the district judge:

1. The simple battery prosecution was being maintained by Leander Perez, Jr., in bad faith and for purposes of harassment;

2. There was no legitimate state interest in the reprosecution of appellee;

3. The reprosecution of appellee would deter and suppress the exercise of federally secured rights by Negroes in Plaquemines Parish; and

4. Injunctive relief was not barred by the Anti-Injunction statute, Title 28, U.S.C., § 2283.

As noted above, the tenor and holding of Younger v. Harris was accurately and prophetically anticipated by the careful opinion below. We read Younger v. Harris to hold that an individual is not entitled to federal injunctive relief against a state prosecution which has been instituted by state offi-

---

2. After the Supreme Court's decision in *Duncan*, the Louisiana legislature reduced the maximum sentence for simple battery from two years to six months. As a result, appellee, prior to the issuance of the district court's opinion and order, faced retrial without a jury.

3. The district court's opinion notes inter alia that appellee was, during the course of the first simple battery prosecution, subjected to multiple arrests, repeated resettings of unusually high pre-conviction bail, the unusually severe sentence, the unlawful demand for a double appeal bond, the comments of the appellant Perez and the state trial judge, and the arrest of his chief counsel on a baseless charge of the unlawful practice of law. In the latter connection and for an insight into the bitterness inherent throughout in this proceeding and its by-products, see Sobol v. Perez, E.D.La. 1968, 289 F.Supp. 392, holding that Sobol's arrest was made in bad faith and for purposes of harassment. His further prosecution was enjoined. Sobol v. Perez was not appealed.

4. Some related matters are further documented and explicated by our opinion in Plaquemines Parish School Board v. United States, 5 Cir. 1969, 415 F.2d 817–835.

cials in good faith unless irreparable injury to the state court defendant (as was shown in Dombrowski v. Pfister, 1965, 380 U.S. 479, 85 S.Ct. 1116, 14 L. Ed.2d 22) can be established. On the other hand, should the state court defendant be able to establish that the state prosecution has been instituted *in bad faith and for purposes of harassment*—as put by the concurring opinion Brennan for himself and Justices White in Younger v. Harris of Mr. Justice and Marshall, "official lawlessness"—irreparable injury need not be shown provided there is present a basis for federal jurisdiction, e. g. Title 28, U.S. C., Sec. 1343 and Title 42, U.S.C., Sec. 1983. Additionally, the district judge in the case at bar found that the retrial of Duncan "will cause irreparable injury to the exercise of federally secured rights by Negro residents of Plaquemines Parish". A further significant finding was that any violation which may have occurred was so slight that the State of Louisiana did not have a legitimate interest in reprosecution after reversal of the prior conviction. This observation was amplified by the following statement:

> "* * * whether Duncan slapped or simply touched the white youth on the arm, it is clear beyond dispute that any violation that may have occurred was so slight and technical as to be generally reserved for law school hypotheticals rather than criminal prosecutions. The white boy was not hurt and displayed no bruise minutes after the incident. De minimus 'batteries' of this kind occur repeatedly in Plaquemines Parish and elsewhere and do not become the subject of criminal proceedings."

■ We have carefully studied the district court's detailed opinion, his carefully buttressed conclusions of law, and the resultant order for permanent injunction in the light of the "clearly erroneous" concept by which we are bound. Rule 52(a), F.R.Civ.P., McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20. We are not able to perceive any basis for reversal of the lower court's judgment. Under the "clearly erroneous" standard, that judgment is due for affirmance by us. We agree with the district judge's holding that in the circumstances here Title 28, U.S.C., Section 2283, presented no bar to the injunctive order entered by him.

The judgment of the district court is in all respects

Affirmed.