**ALGA INC., et al., Petitioners,**

v.

**David CROSLAND et al., Defendants.**

**Civ. A. No. 3304–N.**

United States District Court,
M. D. Alabama, N. D.

June 18, 1971.

Roger Bedford, Bedford & Bedford, Russellville, Ala., Robert Eugene Smith, Towson, Md., for plaintiffs.

Joseph D. Phelps, Hill, Robison, Belser, Brewer & Phelps, Montgomery, Ala., for defendants.

## MEMORANDUM OPINION

VARNER, District Judge.

Alga, Inc., Petitioner in the above-styled cause, brings this cause against Police Commissioner Rucker and District Attorney Crosland to enjoin prosecution by city and county authorities of the Petitioners in cases arising under the so-called anti-obscenity law of the State of Alabama, to obtain a declaratory judgment concerning constitutionality and for damages for alleged harassment associated with said prosecution.

The outcome of this case hinges on four questions: (1) Under what circumstances may a Court of the United States grant an injunction to stay proceedings in a state court? (2) Under what conditions may other relief be granted where the anti-injunction statute (28 U.S.C., § 2283) makes granting of an injunction improper? (3) Does the question of damages for admittedly discontinued harassment, such as that alleged in the Complaint (requiring an excessive bond, threatening customers of the Petitioner, and threatening to run Petitioner out of town) involve substantial matters which the Federal Courts should inquire into in the absence of jurisdiction to grant the injunction? (4) In cases wherein it is necessary for a three-judge court to grant the relief prayed for, may one District Judge deny relief barred by 28 U.S.C., § 2283?

On questions of whether or not an injunction or other relief is proper to control actions of a state law enforcement officer, two statutes are particularly pertinent:

28 U.S.C. 2283: "A court of the United States may not grant an injunction *to stay proceedings* in a State court except as expressly authorized by Act of Congress, or *where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.*"

42 U.S.C. 1983: "Every person who, *under color of any statute,* ordinance, regulation, custom, or usage, of any State or Territory, subjects, or *causes to be subjected,* any citizen of the United States or other person within the jurisdiction thereof *to the deprivation of any rights,* privileges, or immunities secured by the Constitution and laws, *shall be liable to the party injured in an action at law,* in suit in equity, or other proper proceeding for redress."

The Supreme Court, in 1971, clarified certain questions which had arisen in association with construction of the Aniti-Injunction Act. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688; Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed. 2d 696; Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781; Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701; Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792.

■■ The *Younger* case, supra, indicates that one who has not been indicted, arrested, or even threatened by the prosecutor has no standing to challenge the prosecution by injunction in the Federal Court, but that one who has been indicted is precluded from seeking an injunction against pending state criminal proceedings under considerations of our "federalism". Perhaps our "federalism" is best defined by 28 U.S.C. 2283. In that case the plaintiff had failed to make "any showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." 91 S.Ct. 755. The *Dyson* case, supra, wherein a person charged under the Texas obscenity statute had been given injunctive and declaratory relief on the basis of the district court's conclusion that the statute was unconstitutional in part, was reversed and remanded for consideration by the district court in the light of *Younger* and *Samuels,* since injunctive and supplementary relief in the Federal Court is proper only where irreparable injury is threatened.

The *Perez* case, supra, involved federal interference with enforcement of a Louisiana obscenity statute where state remedies were outstanding and indicated disapproval by the Supreme Court of such action. The *Byrne* case, supra, involved enforcement of the Massachusetts obscenity statute and disapproved of federal intervention where there had been no finding that the threat to plaintiff's constitutional rights was one that could not be eliminated by his defense against a single criminal prosecution.

■ The Supreme Court in *Samuels,* supra, indicated its disapproval of federal intervention and granting of supplementary relief where injunction was improper in the following language:

"the same equitable principles relevant to the propriety of an injunction must be taken into consideration by federal district courts in determining whether to issue a declaratory judgment, and * * * where an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well." 91 S.Ct. at 768.

It would, therefore, appear that in the absence of a clear showing of bad faith, harassment, or some unusual circumstance, necessitating the intervention of the federal court, the federal court should not interfere with state prosecutions wherein the parties have rights to state relief.

It is noted that Professor Wright in his recent publication, Federal Courts

208 (2d ed. 1970), stated in regard to the *Younger* cases, which he refers to as, "Dombrowski-type", the following:

"It is to be hoped that the decisions in these cases will clarify the meaning of Dombrowski and will establish that every person prosecuted under state law for conduct arguably protected by the First Amendment cannot, by murmuring the words 'chilling effect,' halt the state prosecution while a federal court, ordinarily of three judges, passes on the validity of the statute and the bona fides of the state law enforcement officers."

■ As we understand the evidence in the instant case, injury which has occurred is a matter in the past and there is no present threat of any further injury until determination of the matter by the courts. This is not to say that the Petitioners are completely free of any possibility of prosecution for a clearly criminal act by the Defendants in this case. While harassment is claimed in the instant case and while this Court questions the propriety of setting a $10,000.00 bond for a misdemeanor, apparently relief was granted by the State Court against excessive bonds in the subsequent arrest of the Petitioners in this case, and no showing is made that Petitioner exhausted state remedies in seeking to obtain relief from the first excessive bond. There is absolutely no showing that there is any continued harassment of the Petitioners in this case by the state officials. Some may even think that the state officials are derelict in their duty for not seeking additional prosecutions of the Defendants for their continued apparent violations of the state law. This Court understands that the Petitioners in this case have continued to operate and have continued to advertise adult type movies and literature in their current place of business in Montgomery.

This Court finds some confusion in the cases recognizing, or ignoring, the doctrine of official immunity as a complete defense to a suit against an officer. No complete answer lies in a determination of whether or not the act complained of was within the scope of employment of the Defendant official. Compare Norton v. McShane, 5 Cir., 332 F.2d 855, and Kelley v. Dunne, 1 Cir., 344 F.2d 129. Certainly, prosecuting attorneys and police officers have been held immune to prosecution for misconduct done within the scope of their official duties, Schackman v. Arnebergh, D. C., 258 F.Supp. 983. Yet, for many years the Supreme Court has held that a state officer, acting unconstitutionally, is stripped of his official or representative character and is subject to suit personally for the consequences of his individual conduct for violating constitutional rights of individuals. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714; Dombrowski v. Pfister, 380 U. S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22. Nonetheless, in this Court's view, this is centrally and primarily a suit for an injunction, which should rise or fall under the injunction law, the matter of damages being merely incidental to the mainstream of this cause.

This Court is of the opinion that federal relief should be denied to the Petitioners in this case on the basis of *Dyson, Perez,* and other cases, this Court never reaching the question of constitutionality of the statute wherein a three-judge court should be empaneled. 28 U. S.C. § 2281; Duncombe v. State (D.C. N.Y.1967) 267 F.Supp. 103; Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L. Ed. 152; Chicago D. & G. B. Transit Co. v. Nims, 6 Cir., 252 F.2d 317. It is therefore,

Ordered and decreed that the motions to dismiss of the defendants in the above cause be, and the same are hereby, granted, and the complaint, as amended, is hereby dismissed and the costs assessed against the petitioners.