Oscar **THOMIE** et al., Plaintiffs-
Appellants,

v.

B. E. **DENNARD** et al., Defendants-
Appellees.

No. 30595.

United States Court of Appeals,
Fifth Circuit.

May 16, 1972.

Thomas M. Jackson, Macon, Ga., Jack Greenberg, Jonathan Shapiro, Charles S. Ralston, New York City, for plaintiffs-appellants.

Manley F. Brown, Macon, Ga., D. P. Hulbert, Tom W. Daniel, Aultman, Hulbert, Buice & Cowart, Perry, Ga., for defendants-appellees.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

The instant suit was filed on May 22, 1970, as a class action on behalf of plaintiffs and other Negro citizens similarly situated, seeking injunctive relief against pending and future prosecutions pursuant to the parade ordinance of Perry, Georgia and a declaratory judgment that said ordinance was facially unconstitutional as a derogation of plaintiffs' right of free speech.

■■ The district court, after holding a full hearing on the merits of the controversy, denied relief on the basis that the anti-injunction statute 28 U.S.C.A. § 2283 barred relief. Moreover, the court concluded, in regard to the exception provided by Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), that the evidence failed to establish a threat of irreparable harm or a purpose by the state to harass, intimidate, or otherwise discourage the Negro citizens of Perry from exercising their right of free speech. Although these findings were made by the district court on July 9, 1970, well before the Supreme Court's decision in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), they substantially conform to the requirements enunciated in that case. Moreover, we find no unusual circumstances present in the instant case sufficient to overcome the strong policy against federal interference with pending state criminal prosecutions. *See also* Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971).

Affirmed.