**ALGA, INC., et al., Plaintiffs-Appellants,**

v.

**David CROSLAND et al., Defendants-Appellees.**

**No. 71-2653.**

United States Court of Appeals,
Fifth Circuit.

May 16, 1972.

Robert Eugene Smith, Towson, Md., D. Freeman Hutton, Atlanta, Ga., for plaintiffs-appellants; Ferris Ritchey, Jr., Birmingham, Ala., of counsel.

Joseph D. Phelps, Montgomery, Ala., for defendants-appellees; Hill, Robison, Belser, Brewer & Phelps, Montgomery, Ala., of counsel.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant Trinkle filed a complaint in the district court on April 8, 1971, seeking to enjoin his further prosecution under Alabama obscenity statutes and a declaratory judgment that such statutes were unconstitutional. It is clear that before a federal court can enjoin a state criminal prosecution, it must be alleged and factually supported that plaintiff is in danger of suffering great and immediate irreparable harm, or that he is being prosecuted in bad faith, without expectation of conviction and only for purposes of harassment. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971). Appellant here alleges only that the district court, 327 F.Supp. 1264, erred in finding the presence of none of these factors in the instant case. As we are limited in our review in such a case by Fed.R.Civ.P. 52, we have little choice here but to affirm. *See* Duncan v. Perez, 5th Cir. 1971, 445 F.2d 557.

Affirmed.