**Fred DASHER and Randall Dasher, d/b/a Dasher Sales Book Rack, Plaintiffs,**

**v.**

**Chief Frank BOYETT et al., Defendants.**

**No. 73-12-Civ.-Oc.**

United States District Court, M. D. Florida, Ocala Division.

Aug. 27, 1973.

Paul F. Gerson, Miami Beach, Fla., for plaintiffs.

Gordon G. Oldham, Jr., Leesburg, Fla., for defendants.

## MEMORANDUM OPINION and ORDER

TJOFLAT, District Judge.

Plaintiffs invoke this Court's jurisdiction under Title 28, United States Code, Sections 1343(3) and 1343(4) to redress deprivations of rights as provided in Title 42, United States Code, Section 1983. Plaintiffs seek injunctive relief from defendants' further retention of materials seized as allegedly obscene under Florida law and defendants' continuation or institution of criminal prosecutions against plaintiffs under state obscenity laws. Plaintiffs also seek a declaratory judgment under Title 28, United States Code, Section 2201 that newly adopted Florida Statute Chapter 73-120 [1] is ei-

---

1. Section 1. (1) A person commits the offense of distributing obscene materials when he sells, rents, leases, advertises, publishes, exhibits or otherwise disseminates to any person any obscene material of any description, knowing the obscene nature thereof, or who offers to do so, or who possesses such material with the intent so to do.

(2) Material is obscene if considered as a whole, applying community standards, its predominant appeal is to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion, and utterly without redeeming social value and if, in addition, it goes substantially beyond customary limits of candor in describing or representing such matters.

(3). Material, not otherwise obscene, may be deemed obscene under this section if the distribution thereof, or the offer to do so, or the possession with the intent to do so is a commercial exploitation of erotica solely for the sake of their prurient appeal.

. . . . .

Section 2. Whenever an indictment, information or trial affidavit is filed under the provisions of this act, the state attorney, or his duly appointed assistant, may apply to the court for the issuance of an order directing the defendant and/or his principal agent,

ther unconstitutional as written or as enforced by defendants, and damages.

Plaintiff Fred Dasher is the owner of a store outside of Wildwood, Florida, which offers a variety of books, magazines, newspapers, and devices for sale to adults, and contains machines for the viewing of films by adults. Plaintiff Randall Dasher, the owner's son, is employed as a clerk in the store. Plaintiffs allege that on July 3, 1973, law enforcement officials of the Sumter County Sheriff's Department and the Wildwood Police Department executed a search warrant issued by a judge of the Circuit Court for the First Judicial Circuit of Florida, by removing from plaintiffs' store the complete inventory of some 8,000 items for sale or viewing in an amount valued at $22,000. At the same time, plaintiffs were arrested, charged with possession of obscene material, and released on their own recognizance. Plaintiffs further allege that on July 10, 1973, substantially the same events reoccurred, and that they have been threatened with further seizure and arrests if the store's shelves and machines are restocked with similar items.

The parties stipulate that the two seizures were conducted pursuant to two search warrants issued by the same circuit court judge. The first warrant was issued *ex parte* after judicial examination of four magazines bought at plaintiffs' store by a law enforcement officer in undercover capacity. The second warrant was similarly issued after the judge viewed three such magazines. Both warrants described in detail the location of the premises to be searched, and commanded the officers to enter the premises, search diligently for "obscene material of any description", and seize all such material.

Plaintiffs claim that defendants have infringed on their rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the Federal Constitution by enforcing an unconstitutional state statute and by acting pursuant to constitutionally defective search warrants. Plaintiffs contend that, since defendants knew or should have known that the statute and search warrants were defective, they have acted in bad faith and are merely harassing plaintiffs by prosecuting them.

■ In order for this Court to interfere with the state criminal proceedings pending against plaintiffs the hurdle of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 699 (1971), must be overcome. *Younger* held that "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury." Samuels v. Mackell, 401 U.S. 66, at 69, 91 S.Ct. 764, at 766, 27 L.Ed.2d 688 (1971). The Court in *Younger* indicated that a showing of bad faith prosecution, undertaken without reasonable expectation of conviction and for purposes of harassment, may consti-

bailee, or other like person, to produce the allegedly obscene materials at a time and place so designated by the court for the purpose of determining whether there is probable cause to believe said material is obscene. After hearing the parties on the issue, if the court determines probable cause exists, he may order the material held by the clerk of the court pending further order of the court. This section shall not be construed to prohibit the seizure of obscene materials by any other lawful means.

. . . . .

Section 4. Nothing in this act shall be construed to repeal or in any way supersede the provisions of Sec. 847.011, Sec. 847.012, or Sec. 847.013, Florida Statutes.

Section 5. If any provision of this act or the application thereof to any person or circumstance is held invalid, the invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or applications, and to this end the provisions of this act are declared severable.

Section 6. Nothing herein shall be construed to limit the free exercise of free speech or picketing by any organization, group or individual for the purpose of upholding community standards.

Section 7. This act shall take effect immediately upon becoming a law.

tute the requisite irreparable injury. Some appellate decisions have construed the *Younger* test to be disjunctive, i. e., the state criminal prosecution may be enjoined upon a showing of either bad faith *or* immediate irreparable injury. *See* Duncan v. Perez, 445 F.2d 557 (5th Cir. 1971); Thomie v. Dennard, 459 F.2d 1037 (5th Cir. 1972); Alga, Inc. v. Crosland, 459 F.2d 1038 (5th Cir. 1972). A construction more consonant with the language and policies of *Younger* is that great and immediate irreparable injury is the *sole* benchmark; bad faith and harassment are merely means of proving irreparable injury. *See* Le Flore v. Robinson, 446 F.2d 715 (5th Cir. 1971), Goldberg concurring, at 717; Sandquist v. Pitchess, 332 F.Supp. 171 (C.D.Cal. 1971) at 174–176.

■ *Younger* made it clear that the standard of irreparable injury cannot be met where a plaintiff's federally protected rights can be vindicated in the state criminal proceeding. 401 U.S. at 46, 91 S.Ct. 764. The vital policy implemented by *Younger* is that federal courts should have a proper respect for the relatively autonomous functions allowed states in enforcing their criminal laws. With this in mind, plaintiffs' bare allegations that defendants acted in bad faith and for purposes of harassment do not state a claim which warrants an evidentiary hearing because plaintiffs do not assert that they will be unjustly denied relief in state court or that resort to state court will otherwise prove futile in avoiding the injury which they are allegedly suffering.

■ The principal thrust of plaintiffs' attack in their argument before the Court is that the two search warrants are patently defective: the circuit judge received evidence about a few select books, but directed the seizure of whatever else the officers deemed obscene as they went about the task of executing the warrants. Plaintiffs acknowledge that the immediate relief sought—the return of the seized materials—could be obtained if the state court

were to quash the warrants on plaintiffs' motion. However, plaintiffs have made no attempts to have those search warrants quashed in state court. They make no allegation that any of the state judges to whom they could apply are unwilling or unable to discharge their constitutional duty to conduct a fair hearing and to grant plaintiffs prompt relief if, in law, they are entitled to it. Nor do plaintiffs contend that the state court is incompetent to entertain in good faith a constitutional attack on Florida Statute Chapter 73–120. If plaintiffs succeed in quashing the search warrants, the suppression of that evidence in the pending criminal proceeding would no doubt follow. The suppression of the evidence could well bring an end to the criminal prosecution which they seek this Court to stay. These alternatives open to plaintiffs negate any contention that release of the seized materials and termination of the criminal prosecution must be sought in federal court in order for irreparable injury to be avoided.

■ The facts of this case as disclosed by the complaint and in argument accentuate plaintiffs' failure to allege the degree of injury required to overcome *Younger*. Plaintiffs assert that defendants acted in bad faith in that they knew, or should have known, of the alleged defects in the search warrants and the unconstitutionality of the state law under which they acted. It is clear, however, that defendants complied with the Florida statute which states that the statutory provisions for an adversary hearing prior to seizure of allegedly obscene materials shall not be construed to prohibit the seizure of obscene material "by any other lawful means." Florida Statutes Chapter 73–120, Section 2. Defendants followed an acceptable procedure by bringing material from plaintiffs' store before the judge in order to obtain a warrant. If the warrant is defective, a matter which this Court need not decide, it is because the circuit judge erred in his decision on the existence of probable cause to seize the materials described in the warrant, not because of de-

fendants' adherence to an unlawful procedure. This Court will not impute to defendants bad faith sufficient to satisfy *Younger's* irreparable injury test where their only alleged misconduct was obtaining and executing a search warrant tainted by judicial error.

 The fact that plaintiffs contend that the Florida statute is facially unconstitutional does not justify an injunction against attempts to enforce it where no showing of extraordinary circumstances amounting to irreparable injury have been shown. *Younger*, 401 U.S. at 53, 91 S.Ct. 755. The statute in question is not "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" (401 U.S. at 53, 91 S.Ct. at 755), and plaintiffs have not shown other circumstances inherent in the enforcement of the statute which constitute irreparable injury.

For the reasons stated, it is

Ordered:

That plaintiffs' prayer for temporary injunctive relief is denied and the complaint is dismissed without prejudice.