Johnny Daniel BEECHER, Plaintiff-Appellant,

v.

William BAXLEY, Attorney General of the State of Alabama, and Fred B. Simpson, District Attorney of Madison County, Alabama, Defendants-Appellees.

No. 76–2665.

United States Court of Appeals, Fifth Circuit.

March 30, 1977.

U. W. Clemon, Birmingham, Ala., Jack Greenberg, James M. Nabrit, III, David E. Kendall, Lynn Walker, New York City, for plaintiff-appellant.

William J. Baxley, Atty. Gen., Montgomery, Ala., Gordon B. Loftin, II, Chief Asst. Dist. Atty., 23rd Judicial Circuit, Madison County, Fulton S. Hamilton, Asst. Dist. Atty., Fred B. Simpson, Dist. Atty., Huntsville, Ala., for defendants-appellees.

Before WISDOM, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The sole issue raised by plaintiff on appeal is whether a state criminal defendant is entitled to federal injunctive or declaratory relief under 42 U.S.C.A. § 1983 from a fourth murder prosecution after three successive convictions over a twelve-year period were each reversed because of constitutional infirmities. Finding no bad faith or harassment, a prerequisite for federal intervention in the state proceedings, we affirm the district court's denial of relief.

Plaintiff was indicted for murder on July 29, 1964. Prior to this time he had been serving a sentence for grand larceny, burglary and rape, which would expire in 1971. On June 15, 1964 he escaped from his prison work detail and was captured two days later, after an extensive manhunt, when one of the sheriff's deputies shot him in the leg.

Beecher was thereafter prosecuted three times for the murder of a young woman. In each case, a jury found him guilty, but on appeal each conviction was reversed because of constitutional errors. In *Beecher v. Alabama*, 389 U.S. 35, 88 S.Ct. 189, 19 L.Ed.2d 35 (1967), the United States Su-

preme Court reversed Beecher's first conviction because it found a written confession given to state investigators five days after his apprehension and admitted in evidence had been coerced. Based solely on Beecher's allegations, which were not controverted in that proceeding, the Court held that there had been no break in the stream of events from the time Beecher was wounded, confessed to the murder under a gunpoint threat to do so or be killed, was placed in a prison hospital and continuously given large doses of morphine, and then executed the written confession.

Beecher's second conviction was reversed by the Supreme Court in *Beecher v. Alabama*, 408 U.S. 234, 92 S.Ct. 2282, 33 L.Ed.2d 317 (1972), because of the prosecution's introduction of an oral confession given to a doctor shortly after Beecher had been wounded and after he had received two large injections of morphine. The Court found this confession to be a part of the same "stream of events" and therefore involuntary despite the fact that, at the second trial, the officers who recaptured Beecher disputed his version of this event.

The Alabama Supreme Court reversed the third conviction. *Beecher v. Alabama*, 294 Ala. 674, 320 So.2d 727 (1975). During his closing argument, the prosecutor had made reference to the fact that no one took the stand to refute the state's testimony. The Alabama Supreme Court departed from its prior decisions and found this remark to violate Section 6 of the Alabama Constitution.

Faced with a fourth prosecution, Beecher brought this § 1983 action in federal court seeking a declaratory and injunctive bar against further state proceedings. He claimed that another trial would constitute bad faith harassment in violation of his Fourteenth Amendment due process rights, in light of his three previous prosecutions over a twelve-year period during which he has been imprisoned. He argues that the passage of time makes it impossible for him to obtain a fair trial since evidence has been lost, witnesses have died, and other witnesses' memories have faded.

Both plaintiff and the state agree that the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), provides the standard applicable to the granting of injunctive and declaratory relief in the instant case. In *Younger*, the Supreme Court reaffirmed the fundamental policy against federal intervention in state criminal prosecutions based on principles of equity, comity, and federalism. The Court held that absent exceptional circumstances creating a threat of irreparable injury "both great and immediate," a federal court must not intervene by way of injunctive or declaratory relief in a pending state criminal prosecution. Although the Court indicated that the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute irreparable injury, it left room for federal equitable intervention where there is a showing of "bad faith" or "harassment" by state officials responsible for the prosecution. In the companion case of *Perez v. Ledesma*, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971), the Court emphasized that "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." 401 U.S. at 85, 91 S.Ct. at 677. *See generally*, Annot. 44 L.Ed.2d 692 (1976). Once the *Younger* standard is met, relief in equity to redress the deprivation under color of state law of a constitutional right is not prevented by the federal anti-injunction statute, 28 U.S.C.A. § 2283. *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

The unique facts in the instant case do not reflect "bad faith," "harassment," or "other extraordinary circumstances" warranting the requested relief. Beecher claims the introduction at his second trial of the confession to the doctor evidenced the state's bad faith. The confessions introduced at the first two trials were distinct. The circumstances surrounding them were

not disputed by the state's witnesses until the second trial. The prosecution's mistaken belief that plaintiff's confession to the doctor was admissible, even after the Supreme Court's reversal because of the confession to the state investigators, would not amount to bad faith. The third conviction was reversed on a ground which departed from a long line of state cases to the contrary. The record shows that after three jury convictions were set aside on plaintiff's appeals, the state has continued its efforts to obtain a valid conviction of plaintiff for first degree murder, a crime in which there is a strong public interest in vigorous prosecution.

Plaintiff argues that considering the substantial adverse "impact" of the first three trials, and the resulting imprisonment for five and one-half years beyond the term imposed for prior convictions, a fourth prosecution would constitute "harassment" or "other extraordinary circumstances" justifying relief. To support his argument, plaintiff introduced statistical evidence of the average length of incarceration of persons convicted of homicide. The district judge properly found this statistical argument to be "fallacious" because it included persons guilty of lesser crimes than first degree murder.

Plaintiff also introduced evidence of the unpleasant, crowded prison conditions to which he had been subjected. These conditions alone are not the kind of "harassment" or "other extraordinary circumstances" contemplated by *Younger* as warranting federal interference with a good faith state criminal prosecution.

Plaintiff relies heavily on two prior decisions of this Court in which injunctive relief was granted. Because the issue of bad faith or harassment is a question of fact, depending on the circumstances of the particular case, these cases are clearly distinguishable. *Shaw v. Garrison*, 467 F.2d 113 (5th Cir.), *cert. denied*, 409 U.S. 1024, 93 S.Ct. 467, 34 L.Ed.2d 317 (1972), involved an attempt by the prosecutor to bring a perjury suit after a forty-day trial resulted in acquittal of the defendant, where the prosecutor would benefit financially from the publicity this second trial would create.

In *Duncan v. Perez*, 445 F.2d 557 (5th Cir.), *cert. denied*, 404 U.S. 940, 92 S.Ct. 282, 30 L.Ed.2d 254 (1971), this Court held that no legitimate state interest warranted reprosecution of a black youth for simple battery of a white youth, whom he allegedly slapped on the arm during a street confrontation. A prior conviction was reversed for lack of a jury trial. The Court had before it detailed steps taken to make the simple battery prosecution as burdensome as possible in a setting of difficult race relations.

Plaintiff alleges that he will be denied a fair trial because of the passage of time. There is no evidence in the record, however, that Beecher's defense will be prejudiced on retrial. If anything, plaintiff's rather speculative evidence tends to show that the state's case may be weakened, since it is the prosecutor's witnesses that cannot be located or whose memories allegedly have faded.

Accordingly, the district court's order refusing to interfere with the state prosecution is

AFFIRMED.