**Ernest Billy FITZGERALD and Marilyn Fitzgerald, Plaintiffs-Appellees,**

v.

**M. Randall PEEK, District Attorney Stone Mountain Judicial Circuit, individually and in his official capacity, Defendant-Appellant.**

No. 78–2705.

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1981.

Hardaway Young, III, Atty., Terry T. Coles, Decatur, Ga., for defendant-appellant.

Frank P. Samford, III, Judith M. Moore, Decatur, Ga., for plaintiffs-appellees.

Before INGRAHAM, RONEY and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Plaintiffs, Ernest Billy and Marilyn Fitzgerald, brought suit in federal district court to enjoin state court prosecution allegedly brought in bad faith for purposes of harassing and punishing plaintiffs for having exercised their first amendment rights in criticizing certain public officials in DeKalb County. The district court entered a temporary restraining order and, following a two-day hearing, entered a final order permanently enjoining prosecution of the Fitzgeralds on pending indictments charging embracery and terroristic threats. We affirm.

Jurisdiction over this suit is properly predicated on 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343(3). *See Duncan v. Perez,* 445 F.2d 557, 560 (5th Cir.), *cert. denied,* 404 U.S. 940, 92 S.Ct. 282, 30 L.Ed.2d 254 (1971). Section 1983 is within the "expressly authorized" exception of the federal anti-injunction statute, 28 U.S.C.A. § 2283. *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

The facts of this case are presented in detail in the district court's opinion and need not be repeated here. It is sufficient to note that a thorough examination of the record requires the conclusion that the district court's finding that the prosecution was brought in bad faith for purposes of harassment was not clearly erroneous.

It is well established that a showing of bad faith prosecution presents a narrow exception to the doctrine of abstention which will justify federal interference in a pending state court criminal proceeding. *See Moore v. Sims,* 442 U.S. 415, 424, 99 S.Ct. 2371, 2377, 60 L.Ed.2d 994 (1979); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 611, 95 S.Ct. 1200, 1211, 43 L.Ed.2d 482 (1975); *Younger v. Harris,* 401 U.S. 37, 49, 91 S.Ct. 746, 753, 27 L.Ed.2d 669 (1971); *Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); *Wilson v. Thompson,* 593 F.2d 1375, 1381 (5th Cir. 1979); *Shaw v. Garrison,* 467 F.2d 113, 119–22 (5th Cir.), *cert. denied,* 409 U.S. 1024, 93 S.Ct. 467, 34 L.Ed.2d 317 (1972); *Duncan v. Perez,* 445 F.2d at 560. A showing of bad faith or harassment is equivalent to a showing of irreparable injury under *Younger,* and irreparable injury independent of the bad faith prosecution need not be established. *Wilson v. Thompson,* 593 F.2d at 1381–82; *Shaw v. Garrison,* 467 F.2d at 120. Moreover, although multiple prosecutions of at least Mr. Fitzgerald were pending, the threat of multiple or repeated prosecutions is not necessary to establish bad faith prosecution. *Wilson v. Thompson,* 593 F.2d at 1381.

Nor is it necessary for plaintiff to prove that the prosecution could not possibly result in a valid conviction. In *Wilson v. Thompson*, decided after the injunction involved herein was entered, this court enunciated a test which permits a state criminal proceeding to be enjoined if the plaintiff establishes that the conduct allegedly retaliated against or sought to be deterred is constitutionally protected and that the state's bringing of the criminal prosecution is motivated at least in part by a purpose to retaliate against or deter that conduct, and the state fails to show that it would have decided to prosecute even had the impermissible purpose not been considered. 593 F.2d at 1387. In this case, the evidence supports the finding that the prosecution was brought for the purposes of harassment and retaliation and would not have been brought but for the improper influence exerted on the prosecutor by certain DeKalb judges to seek the indictments. A bad faith showing of this type will justify an injunction regardless of whether valid convictions conceivably could be obtained.

The handling of this case by the district court did not deprive defendant of any due process rights. The temporary restraining order issued by the district judge notified defendant of the preliminary hearing in accordance with Fed.R.Civ.P. 6(d). Defendant did not object to the timing of the hearing and in fact rejected the court's offer of more time to prepare his case. Defendant was not unfairly prejudiced by the fact that he was represented at the hearing by an attorney who also testified as a witness, since defendant knew at the time he selected his attorney that the attorney, who also was the assistant district attorney handling the state court prosecution of the Fitzgeralds, was likely to be called as a witness.

The district court's injunction of the prosecution of the Fitzgeralds came only after a thoughtful and well-reasoned opinion finding facts supported by the record and correctly analyzing the law.

AFFIRMED.