Janis M. WILSON and Gerard G. Richardson, in behalf of themselves and others similarly situated, Plaintiffs-Appellants,

v.

John R. THOMPSON, Individually and in his official capacity as solicitor of the State Court of DeKalb County, Defendant-Appellee.

No. 79–3953.

United States Court of Appeals, Fifth Circuit.

Unit B

March 2, 1981.

Rehearing Denied April 27, 1981.

Joseph H. King, Jr., John R. Myer, Atlanta, Ga., for plaintiffs-appellants.

George P. Dillard, Decatur, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, and HATCHETT, Circuit Judge and MARKEY *, Chief Judge.

HATCHETT, Circuit Judge:

Appellants, defendants in a Georgia criminal prosecution, seek federal injunctive protection under 42 U.S.C. 1983 from their continued prosecution by appellee, the state prosecuting officer. In an earlier appeal of this case, we reversed the denial of such an injunction and remanded for further factual findings. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). After making these findings, the district court again denied an injunction. Appellants now ask us to review that denial. Because the district court acted within its discretion in concluding that appellants had failed to prove the req-

uisite bad faith underlying their prosecution, we affirm its denial of an injunction against further state criminal proceedings.

The facts underlying this action are detailed in our prior opinion, *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979), and we need only outline those facts here. The State of Georgia charged appellants with the misdemeanors of battery and interference with a peace officer. A judge of the state court with jurisdiction over misdemeanors placed appellants' cases on the "dead docket." The district court found this to be an authorized and routine state procedure for rendering cases inactive unless the state, a prosecuting witness, or the defendant seeks prosecution, or until the passage of a statute of limitations period precludes prosecution.

Appellants then brought a civil damage suit in state court against their arresting officers on the grounds of alleged battery and illegal arrest. These officers notified the judge who had placed appellants' criminal cases in the "dead docket" of appellants' decision to institute civil suit. After a conversation with this judge, the state prosecuting officer reactivated appellants' criminal prosecution.

Appellants then sought federal injunctive protection, pursuant to 42 U.S.C. 1983, against their prosecution in the belief that appellee had violated the first amendment right to bring the civil action by reactivating their prosecution. The district court denied an injunction. We reversed and remanded with instructions to make the following factual findings:

The Court should consider whether the plaintiffs have shown, first, that the conduct allegedly retaliated against or sought to be deterred was constitutionally protected, and, second, that the State's bringing of the criminal prosecution was motivated at least in part by a purpose to retaliate for or to deter that conduct. If the Court concludes that the plaintiffs have successfully discharged their burden of proof on both of these issues, it should

---

* Of the U.S. Court of Customs and Patent Appeals, sitting by designation.

then consider a third: whether the State has shown by a preponderance of the evidence that it would have reached the same decision as to whether to prosecute even had the impermissible purpose not been considered.

593 F.2d at 1387 (footnote omitted). On remand, the district court found that appellants failed to prove that appellee's "bringing of the criminal prosecution was motivated at least in part by a purpose to retaliate for or to deter" the bringing of appellants' civil suit. The court therefore refused to enjoin the state criminal proceedings, and appellants brought this appeal.

The district court possessed jurisdiction over this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). *Fitzgerald v. Peek*, 636 F.2d 943 (5th Cir. 1981); *see Duncan v. Perez*, 445 F.2d 557 (5th Cir.), *cert. denied*, 404 U.S. 940, 92 S.Ct. 282, 30 L.Ed.2d 254 (1971). The federal anti-injunction statute, 28 U.S.C. § 2283, posed no bar to appellants' action in the district court for injunctive relief against a state official because section 1983 falls within the exception in the anti-injunction statute for injunctions "expressly authorized by Act of Congress." *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). Finally, this court has jurisdiction to review the district court's denial of an injunction since this denial constitutes a final decision of the district court. *See* 28 U.S.C. § 1291.

The only issue in this appeal is whether the district court abused its discretion in denying the injunction.

Since factual determinations are entrusted to the sound discretion of the district court, we can reverse its finding of no bad faith prosecution only upon a showing of clear error. *Fitzgerald v. Peek*, 636 F.2d 943 (5th Cir. 1981).

The district court determined that appellee reactivated appellants' prosecution by removing their case from the "dead docket" at the behest of the judge who had originally placed the case in this docket. The court found that this judge and appellee believed that appellants wanted their criminal case terminated so that they could comply with a state law requirement that their criminal case terminate in order to proceed with the related civil suit. The district court therefore concluded that appellee acted for the purpose of accommodating appropriate prosecutorial concerns with appellants' apparent desire to conclude their prosecution.

After examination of the record, we find that it amply supports the conclusion that bad faith played no role in appellee's decision to reactivate appellants' prosecution. In the absence of a showing of any improper motive for their prosecution, appellants cannot bring their case within the bad faith exception to the doctrine of abstention so as to permit federal interference in state criminal proceedings. *Fitzgerald; Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). No clear error is shown.

Because appellants have failed to establish any bad faith underlying their state prosecution, we find no abuse of discretion in the district court's denial of an injunction against further criminal proceedings.

AFFIRMED.