851 F.2d 1108
 Roy C. LEWELLEN, Jr., Appellee,
v.
Gene RAFF, individually and in his official capacity as
Prosecuting Attorney for the First Judicial District of
Arkansas; David Cahoon, individually and in his official
capacity as Deputy Prosecuting Attorney for Lee County,
Arkansas; Henry Wilkinson, individually and in his official
capacity as Circuit Court Judge for the First Judicial
District of Arkansas, Appellants.
Lafayette Patterson; Jeanne Kennedy; Doug Williams; Lee
County, Arkansas; Robert May, Jr., individually
and in his official capacity as Sheriff
of Lee County.
Lafayette PATTERSON
v.
Robert BANKS; Margie Banks; Reverend Almore Banks (Four Cases).
Roy C. LEWELLEN, Jr., Appellee,
v.
Gene RAFF, individually and in his official capacity as
Prosecuting Attorney for the First Judicial District of
Arkansas; David Cahoon, individually and in his official
capacity as Deputy Prosecuting Attorney for Lee County,
Arkansas; Lafayette Patterson; Jeanne Kennedy;
Doug Williams, Appellant.
Lee County, Arkansas; Robert May, Jr., individually and in
his official capacity as Sheriff of Lee County; Henry
Wilkinson, individually and in his official capacity as
Circuit Court Judge for the First Judicial District of Arkansas.
Roy C. LEWELLEN, Jr., Appellee,
v.
Gene RAFF, individually and in his official capacity as
Prosecuting Attorney for the Eastern Judicial District of
Arkansas; David Cahoon, individually and in his official
capacity as Deputy Prosecuting Attorney for Lee County,
Arkansas; Lafayette Patterson; Jeanne Kennedy; Doug
Williams; Lee County, Arkansas; Robert May, Jr.,
individually and in his official capacity as Sheriff of Lee
County, Appellant.
Henry Wilkinson, individually and in his official capacity
as Circuit Court Judge for the First Judicial
District of Arkansas.
Roy C. LEWELLEN, Jr., Appellant,
v.
Gene RAFF, individually and in his official capacity as
Prosecuting Attorney for the First Judicial District of
Arkansas; David Cahoon, individually and in his capacity as
Deputy Prosecuting Attorney for Lee County, Arkansas, Appellees.
Lafayette Patterson; Jeanne Kennedy; Doug Williams; Lee
County, Arkansas; Robert May, Jr., individually and in his
official capacity as Sheriff of Lee County; Henry
Wilkinson, individually and in his official capacity as
Circuit Court Judge for the First Judicial District of Arkansas.
 Nos. 87-1069, 87-1100, 87-1101 and 87-1103.
 United States Court of Appeals,
Eighth Circuit.
 July 14, 1988.
Rehearing and Rehearing En Banc Denied Sept. 28, 1988.
 
 David S. Mitchell, Asst. Atty. Gen., Little Rock, Ark., for Raff et al.
 John Walker, Lazer Palnick, Little Rock, Ark., for Lewellen.
 Before LAY, Chief Judge, ARNOLD and BOWMAN, Circuit Judges.
 ON PETITION FOR REHEARING
 PER CURIAM.
 
 
 1
 This court affirmed the district court's grant of a preliminary injunction enjoining state officers (the state) from proceeding with a criminal trial of Roy Lewellen. Lewellen v. Raff, 843 F.2d 1103 (8th Cir.1988). The state now petitions for rehearing, arguing that the court erred in: (1) not considering whether the state had a reasonable expectation of obtaining a conviction of Lewellen; and (2) holding that the district court's finding of retaliatory prosecution was not clearly erroneous. We reject the latter contention for the reasons discussed in our earlier opinion. The state's first contention, however, merits discussion.
 
 
 2
 In upholding the district court's decision not to abstain from exercising jurisdiction under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), this court refrained from discussing whether the prosecutors had a reasonable expectation of obtaining a conviction of Lewellen. Lewellen, 843 F.2d at 1112. We relied in part on Fitzgerald v. Peek, 636 F.2d 943 (5th Cir.), cert. denied, 452 U.S. 916, 101 S.Ct. 3051, 69 L.Ed.2d 420 (1981), which stated that a finding of retaliatory prosecution such as the one made by the district court here "will justify an injunction regardless of whether valid convictions conceivably could be obtained." Id. at 945.
 
 
 3
 The state argues that our holding is inconsistent with existing case law and misconstrues the reasoning of the Fifth Circuit in Fitzgerald, Wilson v. Thompson, 593 F.2d 1375 (5th Cir.1979), and Smith v. Hightower, 693 F.2d 359 (5th Cir.1982). After careful reconsideration of the state's arguments and the relevant cases, we are convinced that this court's opinion is appropriate and consistent with applicable precedent.
 
 
 4
 The state contends that this court's reliance on Fitzgerald is misplaced; the gist of the state's argument is that the Fifth Circuit sub silentio overruled Fitzgerald in Smith v. Hightower.[1] We do not believe that Hightower was intended to have this effect and, moreover, are satisfied that Wilson, Fitzgerald, and Hightower are entirely consistent with this court's opinion.
 
 
 5
 The specific holding of Hightower was that it is erroneous for a district court to refuse to consider evidence as to whether the prosecutors entertained a reasonable expectation of obtaining a conviction. Hightower, 693 F.2d at 369. The district court in Hightower completely "disregarded" evidence of the possibly criminal wrongdoing of the petitioner, reasoning that the only relevant evidence was the prosecutor's motives in bringing the charges. Id. at 369 n. 24. In contrast, the district court in the present case reviewed the evidence of Lewellen's allegedly criminal activities at length and specifically concluded that there was a substantial likelihood that Lewellen would establish that the prosecutor "had no reasonable expectation of getting a conviction of Lewellen." Lewellen v. Raff, 649 F.Supp. 1229, 1233 (E.D.Ark.1986). Thus, the Hightower court's direction that "the strength of the evidence and seriousness of the charges should be considered in determining if retaliation or bad faith exists," 693 F.2d at 369, was fully satisfied by the district court here.
 
 
 6
 The most significant clarification Hightower contributed to the Fifth Circuit's standards governing the bad faith exception to the Younger doctrine was its distinction between the quantum of proof necessary to obtain a preliminary injunction as opposed to a permanent injunction. It is this distinction that harmonizes Wilson, Fitzgerald, Hightower, and this court's opinion.
 
 
 7
 Under the Fifth Circuit's analysis, which we have followed, to obtain a preliminary injunction in this context the plaintiff need show only that the prosecution was motivated "in part" by a purpose to retaliate against constitutionally protected conduct. To obtain a permanent injunction, however, the plaintiff must show that "but for" the desire to retaliate the charges would not have been brought. See Hightower, 693 F.2d at 367 & n. 19. Then, "Wilson makes it clear that the prospects of conviction and the significance of the alleged criminal activity is [sic] relevant to the determination whether the prosecution would have been brought absent the retaliatory motive." Id. at 369 n. 25 (emphasis added).
 
 
 8
 In ruling on the petition, the district court concluded that retaliatory motives were responsible for the prosecution of Lewellen. This finding is sufficient to sustain the issuance of a preliminary injunction. At this stage, however, Lewellen did not have to prove the "but for" nature of the retaliatory motives. Thus, this court's review of the findings supporting the conclusion that the prosecution was retaliatory is sufficient, because this court need not decide at this stage whether the prosecution would have been brought "but for" the retaliatory motives.
 
 
 9
 Assuming that the district court conducts a further evidentiary hearing or simply relies on the existing record, we emphasize that the grant of a permanent injunction, as we have discussed, involves not only different findings, but requires a more exacting appellate review. See, e.g., Hiland Potato Chip Co. v. Culbro Corp., 671 F.2d 1190, 1192 (8th Cir.1982) ("There is a marked difference between the trial judge's discretionary ruling weighing the factors relating to the issuance of a temporary injunction and the findings of fact and legal conclusions comprising a final judgment.").[2] We point out to the district court that mere discussion of the plaintiff's allegations does not constitute findings of fact; more complete and definitive findings and legal conclusions are needed for this court to provide proper review of a permanent injunction.
 
 
 10
 Review of a grant of a preliminary injunction rests on an abuse of discretion standard. We have found no abuse here. The panel therefore adheres to its original opinion and denies the petition for rehearing directed to the panel. The state may renew its suggestion for rehearing en banc and may amend its petition to respond to this opinion.
 
 
 
 [1]
 To the extent the state argues that the court's reliance on Fitzgerald is misplaced because of the Fifth Circuit's statements in Wilson v. Thompson, the state overlooks that Fitzgerald was decided after Wilson
 
 
 [2]
 See also International Union, UAW v. Mack Trucks, Inc., 820 F.2d 91, 94-95 (3d Cir.1987) ("We more closely review decisions on requests for permanent rather than for preliminary relief * * * since permanent injunction cases present more fully developed records."); Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 753 (9th Cir.1982) ("Our review of the district court's findings, pursuant to its action on a motion for preliminary judgment is, of course, restricted to the limited record available to the district court when it granted or denied the motion. The district court's findings supporting its order granting or denying a permanent injunction may differ after presentation of all the evidence and so may our determination as to whether its subsequent findings are clearly erroneous."); Henry v. First Nat'l Bank, 595 F.2d 291, 302 (5th Cir.1979) ("The standard for appellate review of a preliminary injunction is simply whether the district court abused its discretion in issuing the injunction; the reviewing court does not engage in the same plenary review that would be indicated on appeal of permanent relief."), cert. denied, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980)