**Darnell COOPER and Anthony Davis, Plaintiffs,**

v.

**Michael CASEY, et al., Defendants.**

**No. 93 C 1116.**

United States District Court, N.D. Illinois, E.D.

Nov. 29, 1993.

Roger Taylor, Barry E. Fields, Chicago, IL, for plaintiffs.

Norma Guess, Bolingbrook, IL, Sandra Castillo, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Will County State's Attorney James Glasgow ("Glasgow") has moved to dismiss Count 4 of the Supplemental Complaint filed in this action by Darnell Cooper ("Cooper") and Anthony Davis ("Davis").[1] Count 4 charges Glasgow with having presented evidence to a Will County Grand Jury—evidence as to the same incident that forms the gravamen of the Cooper–Davis 42 U.S.C. § 1983 Complaint against the other state actor defendants in this action—"in bad faith in order to harass and retaliate against plaintiffs for exercising their constitutional rights to initiate a 42 U.S.C. § 1983 action against various employees of the Illinois Department of Corrections" (Complaint ¶ 90). Cooper and Davis seek an injunction against Glasgow's prosecution of the criminal assault indictments that were then returned against them by the Grand Jury.

To support his dismissal from this action, Glasgow seeks to invoke the seminal *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1991) decision involving the Anti–Injunction Act, 28 U.S.C. § 2283, to bar federal court injunctions against state court prosecutions. But our Court of Appeals' most recent exposition of the *Younger* doctrine (*Arkebauer v. Kiley,* 985 F.2d 1351, 1357–59 (7th Cir.1993)) does not at all counsel the unavailability of injunctive relief against a prosecution that is motivated by *retaliation,* as Cooper and Davis have alleged here. Such an assertedly retaliatory prosecution was the subject of an extended and thoughtful discussion upholding such a claim in *Wilson v. Thompson,* 593 F.2d 1375 (5th Cir.1979)—indeed, *Arkebauer* itself (985 F.2d at 1358 n. 9) cited favorably a later Fifth Circuit decision (*Fitzgerald v. Peek,* 636 F.2d 943 (5th Cir.1981)) for the proposition that "bad faith[2] is established when the prosecution was motivated by retaliation." And *Arkebauer,* 985 F.2d at 1358–59 also quoted an earlier Seventh Circuit decision, *Collins v. County of Kendall,* 807 F.2d 95, 98 (7th Cir.1986), as having "elaborated on the type of showing when a plaintiff asserts bad faith prosecution as a *Younger* exception"—and the quoted excerpt from *Collins* had in turn specifically quoted from *Wilson's* equating of *retaliatory* prosecution with *bad faith* prosecution.[3]

That then defeats Glasgow's motion in substantive terms. But he has also advanced a fallback position based on the assertedly conclusory nature of the Cooper–Davis allegation charging him with retaliatory conduct. That contention is essentially an effort to convert the notice-pleading approach of the Federal Rules of Civil Procedure into a fact-pleading regime—one in which "the forms of action rule us from the grave," as Lord Mansfield once put it. On

---

1. More precisely, Cooper and Davis have named Glasgow in what is labeled the "Fourth Cause of Action" in their Supplemental Complaint (referred to here simply as the "Complaint").

2. [Footnote by this Court] "Bad faith" was expressly identified in *Younger,* 401 U.S. at 54, 91 S.Ct. at 755 as one of the "unusual circumstances that call for equitable relief."

3. Earlier this year *Ruscavage v. Zuratt,* 821 F.Supp. 1078, 1082–83 (E.D.Pa.1993) granted injunctive relief against a retaliatory prosecution of the same type alleged by Davis and Cooper here—and Senior District Judge Daniel Huyett III cited and relied heavily on *Wilson* and *Fitzgerald* in doing so.

that score Davis' and Cooper's earlier-quoted allegation in Complaint ¶ 90 is clearly sufficient (particularly given the timing involved, in which the Will County indictments were returned fully 14 months after the incident on which Davis and Cooper sue here, but only a few months after they had brought this action).

Accordingly Glasgow's motion to dismiss is denied. This Court also vacates its November 15, 1993 order in which it had stayed discovery on Glasgow's motion pending its ruling on the motion to dismiss. Glasgow is ordered to answer the Complaint and to respond to all prior discovery requests on or before December 9, 1993. This action is set for a next status hearing at 9:00 a.m. December 13, 1993.