BOYLE, JUDGE, ET AL. *v.* LANDRY ET AL.

No. 4.   Argued March 24, 1969—Reargued April 29 and
November 16, 1970—Decided February 23, 1971

BLACK, J., delivered the opinion of the Court, in which BURGER, C. J., and HARLAN, STEWART, and BLACKMUN, JJ., joined. BRENNAN, WHITE, and MARSHALL, JJ., concurred in the result. DOUGLAS, J., filed a dissenting opinion, *ante,* p. 58.

*Thomas E. Brannigan* argued the cause for appellants on the second reargument. *Dean H. Bilton* argued the cause for appellants on the first reargument. *Ronald Butler* argued the cause for appellants on the original argument.   With *Messrs. Butler* and *Bilton* on the brief were *Daniel P. Coman* and *Daniel W. Weil.*

*Ellis E. Reid* argued the cause for appellees on the original argument and on the rearguments.   With him on the brief were *Robert L. Tucker* and *Stanley A. Bass.*

MR. JUSTICE BLACK delivered the opinion of the Court.

This action was brought in federal court by seven groups of Negro residents of Chicago, Illinois, seeking a declaratory judgment and an injunction against the enforcement of a number of Illinois statutes and Chicago ordinances on the grounds that they violated various provisions of the Federal Constitution. The complaint named as defendants and sought relief against a number of officials of Cook County and the City of Chicago: the Mayor, the Chief Judge, and two Magistrates of the Circuit Court, the State's Attorney for the county, the Sheriff, the Superintendent of Police, the city's Corporation Counsel and his assistant, and three city police officers. Their complaint challenged as invalid the Illinois statutes prohibiting mob action,[1] resisting arrest,[2] aggravated assault,[3] aggravated battery,[4] and intimidation.[5] They alleged that some of the plaintiffs had been arrested under some of these statutes and that those prosecutions were currently pending in Illinois state courts, and that Negroes were being intimidated in the exercise of their First Amendment rights (1) through the wholesale use of all the statutes alleged to be unconstitutional to prosecute members of the Negro community and (2) through the use of arrests without probable cause, coupled with the setting of exorbitant bail. The complaint contended that the defendants had threatened to enforce all of the named statutes for the sole purpose of harassing and intimidating the plaintiffs. They requested the convening of a three-judge federal court under 28 U. S. C. §§ 2281 and 2284, a declaration that the challenged statutes were unconstitutional, and

---

[1] Ill. Rev. Stat., c. 38, § 25-1 (1967).
[2] Ill. Rev. Stat., c. 38, § 31-1.
[3] Ill. Rev. Stat., c. 38, § 12-2.
[4] Ill. Rev. Stat., c. 38, § 12-4.
[5] Ill. Rev. Stat., c. 38, § 12-6.

temporary and permanent injunctions prohibiting the pending and any possible future prosecutions under the statutes in question.

The defendants answered by opposing the convening of a three-judge court and the issuance of a temporary injunction, and moved to dismiss the complaint on the grounds, among others, that (1) as to those plaintiffs against whom prosecutions were then pending, there was an adequate remedy at law in that they would be able to present their constitutional challenges to the statutes involved in the pending criminal proceedings, and that as to such plaintiffs the court was barred by 28 U. S. C. § 2283 from issuing an injunction against state court proceedings,[6] and that (2) as to those plaintiffs without matters pending in the state courts, there were no facts alleged in the complaint showing that any of those plaintiffs were threatened with prosecution under any of the challenged statutes, or that they would suffer any irreparable injury if they were required to defend any prosecution that might be brought against them in state court.

The single Federal District Judge denied the defendants' motion to dismiss and convened the three-judge court.[7] The three-judge court upheld all of the challenged statutes except for one subsection of the mob-action statute which prohibited "[t]he assembly of 2 or

---

[6] 28 U. S. C. § 2283 provides that:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

[7] The District Judge found that the challenges to various city ordinances were not appropriate for determination by a three-judge court and these claims were not certified to the three-judge court. In addition, the plaintiffs abandoned their challenge to the constitutionality of the Illinois aggravated assault and aggravated battery statutes.

more persons to do an unlawful act . . . ," [8] and one sub-section of the intimidation statute which prohibited in-timidating a person by threats to "[c]ommit any crim-inal offense. . . ." [9] These last two subsections were de-clared invalid on the grounds that they were overly broad and might sweep within their scope conduct that could not constitutionally be made criminal. The court decreed that the defendants—city and county officials—"be and they are hereby perpetually enjoined and re-strained from the enforcement of or the prosecution under" the two statutory subsections it declared uncon-stitutional. The defendant officials did not appeal the three-judge court's declaration and injunction invalidat-ing the challenged subsection of the mob-action statute and that holding is therefore not before us. We have before us only the court's declaration of the unconsti-tutionality and injunction against the enforcement of one subsection of the intimidation statute.

It is obvious that the allegations of the complaint in this case fall far short of showing any irreparable injury from threats or actual prosecutions under the intimida-tion statute or from any other conduct by state or city officials. Not a single one of the citizens who brought this action had ever been prosecuted, charged, or even arrested under the particular intimidation statute which

---

[8] Ill. Rev. Stat., c. 38, § 25–1, provides that:

"(a) Mob action consists of any of the following:

.     .     .     .     .

"(2) The assembly of 2 or more persons to do an unlawful act . . . ."

[9] Ill. Rev. Stat., c. 38, § 12–6, provides that:

"(a) A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he communicates to another a threat to perform without lawful authority any of the following acts:

.     .     .     .     .

"(3) Commit any criminal offense . . . ."

the court below held unconstitutional. All the charges of the complaint deal broadly and generally with all the state statutes and city ordinances that the appellees originally challenged. In fact, the complaint contains no mention of any specific threat by any officer or official of Chicago, Cook County, or the State of Illinois to arrest or prosecute any one or more of the plaintiffs under that statute either one time or many times. Rather, it appears from the allegations that those who originally brought this suit made a search of state statutes and city ordinances with a view to picking out certain ones that they thought might possibly be used by the authorities as devices for bad-faith prosecutions against them. There is nothing contained in the allegations of the complaint from which one could infer that any one or more of the citizens who brought this suit is in any jeopardy of suffering irreparable injury if the State is left free to prosecute under the intimidation statute in the normal manner. As our holdings today in *Younger* v. *Harris, ante,* p. 37, and *Samuels* v. *Mackell, ante,* p. 66, show, the normal course of state criminal prosecutions cannot be disrupted or blocked on the basis of charges which in the last analysis amount to nothing more than speculation about the future. The policy of a century and a half against interference by the federal courts with state law enforcement is not to be set aside on such flimsy allegations as those relied upon here.

For the reasons set out above and for those set out at greater length today in *Younger* and *Samuels,* we reverse.

*Reversed and remanded.*

MR. JUSTICE BRENNAN, MR. JUSTICE WHITE, and MR. JUSTICE MARSHALL concur in the result.

[For dissenting opinion of MR. JUSTICE DOUGLAS, see *ante,* p. 58.]