David SCHWARTZ, a Minor, by his stepfather, next friend and guardian ad litem, Frank J. Deos, Plaintiff,

v.

Ronald WYFFELS, individually and as Vice Principal of Canby Union High School, Richard R. Brown, individually and as Principal of Canby Union High School, Charles MacKenzie, individually and as Superintendent of Canby Union High School District No. 1, Ross Iverson, individually and as member of the Board of Canby Union High School District No. 1, Edmund E. Davies, individually and as member of the Board of Canby Union High School District No. 1, Wayne LaFarge, individually and as member of the Board of Canby Union High School District No. 1, Paul Carroll, individually and as member of the Board of Canby Union High School District No. 1, and Willard Compton, individually and as member of the Board of Canby Union High School District No. 1, Defendants.

Civ. No. 70–704.

United States District Court,
D. Oregon.
April 14, 1971.

Paul R. Meyer, Nancy Kaza, Kobin & Meyer, Don H. Marmaduke, Portland, Or., for plaintiff and cooperating attorneys for the American Civil Liberties Union of Oregon, Inc.

Wade P. Bettis, Canby, Or., Ferris F. Boothe, Portland, Or., for defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

ALFRED T. GOODWIN, District Judge:

Plaintiff, a 17-year-old senior in the Canby Union High School, seeks declaratory and injunctive relief as well as money damages, claiming that the school's rule on hair length violates his civil rights under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

The court assumed jurisdiction under the above-cited statutes, and during the pendency of the action the child returned to school. Injunctive relief thus was made unnecessary.

The remaining questions of declaratory relief and damages were submitted to the court upon oral and written testimony. While the case has been under advisement, recent Supreme Court decisions have reaffirmed the value of federal abstention in order to permit state government to perform its proper function. See, e. g., Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

I am now satisfied that jurisdiction of this dispute was improvidently assumed, and that the child's remedy properly ought to be pursued, if at all, through the state judicial system. See Alberda v. Noell, 322 F.Supp. 1379 (E.D.Mich., 1971).

Whether or not the enforcement of majority standards of tonsorial taste is a legitimate function of public secondary education, I cannot believe that the state courts are impotent to make any necessary adjustment between majority rule and individual liberty in this case.

Cultural conflict between the generations and between rural and urban societies has inflamed the passions of the partisans in this litigation; but I have concluded that the rights and duties of those interested in the length of the hair of minor children do not present substantial federal questions.

Recourse to the state courts will not cause irreparable injury either to the child in this case or to the members of his school board.

Accordingly, the action is dismissed without prejudice and without costs.