Donald CONOVER, on his own behalf and on behalf of all others similarly situated, Plaintiff,

and

Gerald Myers, a minor by his parent and natural guardian, Margaret Myers, Plaintiff-Intervenor,

v.

Hon. Frank J. MONTEMURO, Jr., Administrative Judge, Family Court Division, Philadelphia Court of Common Pleas, and Leonard Rosengarten, Director Juvenile Probation, Family Court of Common Pleas, Defendants.

Civ. A. No. 69-765.

United States District Court,
E. D. Pennsylvania.

July 12, 1971.

Edwin D. Wolf, Philadelphia Urban Areas Project, Daniel E. Farmer, Philadelphia, Pa., for plaintiff.

John B. Martin, Joseph Matusow, J. Grant McCabe, III, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

FULLAM, District Judge.

The complaint in this case seeks a declaratory judgment that the intake process in the Philadelphia Juvenile Court for juveniles charged with delinquency is not constitutionally adequate because standards have not been established to test the propriety of referring the juvenile to the Juvenile Court for adjudication. Injunctive relief against continuation of the present system is also requested.

The suit was commenced on April 8, 1969. On September 24, 1969, an opinion and order were entered denying defendants' motion to dismiss, 304 F.Supp. 259. Defendants' argument that this Court should abstain from issuing a declaratory judgment with respect to the constitutional questions raised was rejected in reliance on Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). A decision as to whether injunctive relief should be granted was deferred until the merits of the case were heard. The action was permitted

to proceed as a class action on behalf of all persons who have been or will be affected by the action complained of. After much pre-trial preparation, a hearing on the merits was held on April 13, 1971.

■ On February 23, 1971, the United States Supreme Court decided a series of cases which, at least, limited Zwickler v. Koota, *supra.* In essence, the Court held that a federal court may not, in the absence of special circumstances showing bad faith harassment by the prosecuting authorities, enjoin a state criminal prosecution in order to decide constitutional questions, nor may it issue a declaratory judgment with respect to such issues. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). This principle applies when the constitutional issue is whether the statute under which the prosecution is brought is constitutional, when the issue is whether a state statute is being administered in a constitutional manner, Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971), and when the issue is whether evidence sought to be introduced in the state prosecution was obtained in violation of the Constitution. Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L. Ed.2d 701 (1971). It should be noted that all of these cases, with the possible exception of Boyle v. Landry, *supra,* involved claims of abridgement of First Amendment rights, which have always been zealously guarded by federal courts.

Zwickler v. Koota, *supra,* was not mentioned in any of the majority opinions. It can be distinguished because in that case no prosecution was pending and the state statute was challenged on the ground that its very existence created a chilling effect on free speech.

■ Were the facts the same today as when this case was filed, a state prosecution would be pending in the Juvenile Court in which any defects in the procedure in that court could be raised. If the adjudication were unfavorable to the juvenile, the defects could be raised in a rehearing and on appeal. 11 Pa.Stat. Ann. § 257. At the present time, however, the plaintiffs representing the class have been fully processed by the Juvenile Court system, and no proceeding is pending against them. Plaintiffs' counsel argues that this fact removes the case from the holdings in *Younger, Samuels,* etc., and brings it back within *Zwickler.* However, this case was not brought to challenge a statute or procedure which by its very existence has a chilling effect on citizens' rights. The procedure challenged affects persons only when they are brought into the juvenile court process. When this process has begun, the *Younger* and *Samuels* cases say, the federal courts must not interfere. See also Hodsdon v. Stabler, 444 F.2d 533 (3 Cir., 1971). What plaintiffs' argument really means is that the named plaintiffs are no longer proper representatives of the class.

Plaintiffs argue that this action may nevertheless proceed with some redefinition of the class. I disagree. As to those persons who are now in the juvenile intake process and those who will be in the future, the principles set forth in the cited cases clearly apply. As to those who have been through the juvenile process, the issues presented in this case are either moot (if the proceedings were terminated in favor of the juvenile) or they can be raised in federal court only through a petition for a writ of habeas corpus. Under the latter procedure, state remedies must be exhausted before the federal courts may pass on the merits of the constitutional claim. 28 U.S.C. § 2254(b).

In sum, the only reason for retaining this case is the amount of work that has gone into it. However, the fruits of these efforts will undoubtedly be available for use in proceedings in the state courts.