Samuel M. KARP et al., Plaintiffs,

v.

Major General Kenneth COLLINS, individually and as Commanding General of Headquarters, U. S. Army Training, Infantry and Fort Dix, New Jersey, et al., Defendants.

Civ. A. No. 756–69.

United States District Court, D. New Jersey.

Sept. 14, 1971.

**16**

Steven H. Gifis, Newark, N. J., for plaintiffs.

John A. Brogan, Deputy Atty. Gen., Trenton, N. J., for defendants.

Before HASTIE, Circuit Judge, and SHAW and WHIPPLE, District Judges.

## OPINION OF THE COURT

PER CURIAM:

On original hearing of this suit to enjoin the enforcement of a New Jersey statute, N.J.S. 2A:170–1, which has been authoritatively interpreted as making it criminal to go to or be in a place for an unlawful purpose, this court ruled that the statute violates the Fourteenth Amendment, and we enjoined its enforcement. 1970, 310 F.Supp. 627. However, the Supreme Court vacated our judgment and remanded the case to us for reconsideration in the light of decisions by that Court in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 and related cases, all decided February 13, 1971. Kugler v. Karp, 1971, 401 U.S. 930, 91 S.Ct. 933, 28 L.Ed.2d 210. The case has now been reargued to us on a motion of the defendants to dismiss the complaint.

Younger v. Harris, *supra*, explicitly holds that "the possible unconstitutionality of a [state criminal] statute 'on its face' does not in itself justify an injunction against good faith attempts to enforce it * * *" 401 U.S. at 54, 91 S.Ct. at 755. The same day, in Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688, the Court held that the same principles restrict the granting of relief from pending state prosecution by way of a federal declaratory judgment.

In the *Younger* case some of the plaintiffs were persons who had not been prosecuted or personally threatened with prosecution. Rather, they alleged that the prosecution of their co-plaintiff and the existence of the challenged statute caused them to "feel inhibited" in the exercise of their rights of free speech. The Court concluded that this allegation was not "sufficient to bring the equitable jurisdiction of the federal courts into play to enjoin a pending state prosecution." 401 U.S. at 42, 91 S.Ct. at 749. And in Boyle v. Landry, 1971, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696, the Court held that speculative apprehension that a number of criminal statutes might be used for bad faith harassment and prosecution of the plaintiff provided an insufficient basis for federal consideration of the constitutionality of the statutes.

First and most clearly, these recent Supreme Court decisions establish that neither any inherent inhibiting effect of a state criminal statute upon the exercise of First Amendment rights, nor the fact that a complainant is being prosecuted thereunder, nor both, will suffice to justify federal interference, by way of injunction or declaratory judgment, with a pending prosecution under that statute. A federal plaintiff must also show that his claim is supported by special equitable considerations that outweigh the strong policy against substituting federal intervention for the normal course of testing the constitutionality of a criminal statute in the course of defending a prosecution under it. The Court suggested bad faith in prosecuting under the statute or in its misuse as a cover for threatening or harassing those engaged in conduct not reasonably believed to be criminal as possible justifications for federal intervention. In addition, the Court repeatedly asserted that it must appear and the federal court must find that the plaintiff would suffer great, immediate and irreparable injury before his equity can be deemed sufficient to warrant relief.

Here the plaintiffs are asking us to strike down a state criminal statute while one of them, Tomashevsky, is being prosecuted under it. The only special circumstance Tomashevsky asserts as justifying federal relief now is his prediction, based upon decisions of New Jersey courts in other cases, that in his case the state courts will hold the statute constitutional. This prediction, even if it is justified, falls far short of and is quite different from the showing required by *Younger* and its companion cases.

The other plaintiffs have not been prosecuted. Rather they allege apprehension of prosecution such as that to which Tomashevsky is being subjected

and, upon that basis, join in this attack upon the statute. But at oral argument their counsel conceded that they were not relying upon any provable claim that they themselves had been threatened in bad faith with prosecution under the statute or that the statute had been used as a false cover for their harassment.[1] Moreover, since the prosecution of Tomashevsky under the statute is pending, the effect of a judgment in this proceeding invalidating the statute would be no less an interference with that prosecution because granted at the behest of co-plaintiffs rather than Tomashevsky himself.

The motion to dismiss so much of the complaint as seeks a judgment declaring N.J.S. 2A:170–1 invalid will be granted, without costs.

---

1. So much of this suit as addresses itself to misconduct of state officers apart from any question of the validity of the statute has been deemed inappropriate for consideration by a statutory 3-judge court and, therefore, is not before us.