**Alice FOSTER and William Allen,
Plaintiffs,**

**v.**

**J. ZEEKO et al., Defendants.**

**No. 73 C 891.**

United States District Court,
N. D. Illinois, E. D.

July 24, 1973.

Gary H. Palm, Legal Aid Bureau Chicago, Ill., for Alice Foster and William Allen, plaintiffs.

Richard L. Curry, Corp. Counsel for the City of Chicago, by Robert G. Mackey, Asst. Corp. Counsel, Chicago, Ill., for J. Zeeko, and others, defendants.

## MEMORANDUM OPINION
## AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to dismiss the complaint.

This is an action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and to redress the alleged deprivation of the plaintiff's civil rights as guaranteed by the first and fourteenth amendments to the United States Constitution and protected by 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) and (4).

Plaintiffs Alice Foster and William Allen are both citizens of the United States. The defendants are J. Zeeko and Guy DiBello, Chicago Police Officers; James B. Conlisk, Jr., Superintendent of the Chicago Police Department; and the City of Chicago, the mu-

nicipal corporation in whose name the individual defendants performed all acts alleged in the complaint.

The plaintiffs in the complaint allege *inter alia* the following facts:

1. On December 31, 1971 the plaintiffs Alice Foster and William Allen attended a New Year's Eve party in an apartment located in the City of Chicago. Also present were other individuals including Joseph Chu, the owner of the apartment. At about 8:30 p. m. on that date Officers J. Zeeko and Guy DiBello, acting as Police Officers of the Chicago Police Department, executed a search warrant that commanded Joseph Chu be searched at the address of the apartment in question for the presence of marijuana.

2. The police officers searched the premises and all the individuals in the apartment. They found a quantity of marijuana in Joseph Chu's pocket, which was the only contraband produced by the search. The officers arrested Joseph Chu and charged him with violating Section 193–2 of the Chicago Municipal Code.[1] The arrest reports for both Alice Foster and William Allen state "Above arrested on search warrant, arrest as a patron of a disorderly house in that she/he was on premises where narcotics were found."

3. Around 5:00 a. m. in the morning of January 1, 1972, plaintiffs Alice Foster and William Allen were released on $25.00 bond each. Their trial date was set for February 15, 1972. On February 15, 1972, plaintiff Alice Foster appeared before a judge of the Circuit Court of Cook County, Illinois who denied leave to file the complaint against her. The plaintiff

William Allen failed to appear before the Court on February 15, 1972 and a finding of guilty was entered against him in an ex parte proceeding and he was fined $25.00.

4. Section 193–2 of the Chicago Municipal Code is unconstitutional on its face:

   a. In that it is void for vagueness since the ordinance does not provide individuals with reasonable notice of the conduct that is prohibited by the ordinance.

   b. In that it is void for overbreadth since it sweeps within its scope constitutionally protected rights of freedom of association.

   c. In that it violates the Due Process clause of the fourteenth amendment since it prohibits innocent behavior and conduct that has no reasonable relationship to the health, safety or welfare of the city.

5. Arrests for violation of Section 193–2 of the Chicago Municipal Code are made by the Chicago Police Department without any hope of conviction, since leave to file the complaint is routinely denied by the courts in these cases. This practice allows the Police Department to use Section 193–2 as the basis for arrests while at the same time foreclosing any judicial determination of the constitutional validity of Section 193–2. Due to the continued existence and enforcement of Section 193–2 and plaintiffs' prior arrests for violation of that section, plaintiffs are inhibited from exercising their full associational rights as guaranteed by the first and fourteenth amendments to the United States Constitution.

1. Section 193–2 of the Chicago Municipal Code provides:

"Every common, ill-governed, or disorderly house, room, or other premises kept for the encouragement of idleness, gaming, drinking, fornication or other misbehavior, is hereby declared to be a public nuisance and the keeper and all persons connected with the maintenance thereof, and all persons patronizing or frequenting the same, shall be fined not exceeding $200.00 for each offense.

The plaintiffs seek a declaration of the unconstitutionality of Section 193–2 of the Chicago Municipal Code; a permanent injunction against enforcement of that section; an expungement of the plaintiffs' arrest records pursuant to the arrest of December 31, 1971 for violating that section, and damages of $1,000.-00 per plaintiff against the defendants jointly and severally.

The defendants in their motion to dismiss the complaint contend:

1. The complaint fails to state a cause of action.

2. There is no justicable controversy.

3. The constitutional question concerning the ordinance is moot.

4. The plaintiffs are merely asking for an advisory opinion.

5. The impropriety, if there is any, is vague.

6. Paragraph 9 of the complaint says that the contraband was seized which indicates the propriety of the warrant and the execution thereof.

7. The ordinance being attacked is presumed valid and therefore any warrants or actions taken pursuant thereto are valid.

8. One of the defendants was found guilty, therefore, the proper place to attack such an ordinance would be the forum involved.

9. The cause of action against the city of Chicago and James B. Conlisk is invalid.

While the defendants in their motion propound many bases for the motion to dismiss, the defendants in their arguments and memoranda have only dealt with the issue of whether this Court should abstain from interfering with a state prosecution in accordance with Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The plaintiffs in responding to the defendants' arguments have only responded to that argument and have not responded to other possible arguments which the defendants did not raise in their memoranda. Accordingly, this Court will only pass on the abstention argument and will not in any way rule on the adequacy of merits of the complaint.

It is the opinion of this Court that the defendants' motion in this regard is without merit.

## I. THE ABSTENTION DOCTRINE OF YOUNGER v. HARRIS IS INAPPLICABLE TO THE INSTANT ACTION

Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts. See e. g. 1 Stat. 335 c. 22 § 5 (1793). However, it has always been the power and duty of the judiciary to declare laws unconstitutional. In the final analysis, this power is derived from the judiciary's responsibility to resolve concrete disputes and thereby in appropriate cases apply the dictates of the constitution to local or state statutes. Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).

The Supreme Court in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), clearly held that the course of state criminal prosecutions cannot be disrupted or blocked on the basis of federal charges which in the last analysis amount to nothing more then speculation about the future. See also Sammuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) and Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971). The policy of Federal Courts for the last century and a half against interference with state law enforcement before a person is arrested, charged or prosecuted or during the pendency of a prosecution has only been departed from in cases involving the most grevious showing of irreparable harm. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

The plaintiffs in the instant action have been arrested, charged, and one has been prosecuted. There is pres-

ently no state proceeding pending. Thus, according to *Younger*, the plaintiffs may maintain this action since at the outset there is no state proceeding which this Court would be interfering with. The plaintiffs in this action properly seek to redress alleged deprivation of their civil rights, to have the instant local statute declared unconstitutional, and to have issued an injunction preventing its enforcement. Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

Accordingly, it is hereby ordered that the defendants' motion to dismiss is denied.