Carmen McTAVISH and Carin Ahlin, Plaintiffs,

v.

Michael SPIOTTO, Individually and as Acting Superintendent of Police of the City of Chicago and William R. Quinlan, Corporation Counsel of the City of Chicago, the Agents, Employees and Assistants of the above–named Defendants, Defendants.

No. 78 C 422.

United States District Court,
N. D. Illinois, E. D.

Oct. 30, 1980.

Patrick A. Tuite, Chicago, Ill., for plaintiffs.

William R. Quinlan, Corp. Counsel of the City of Chicago, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

WILL, District Judge.

Plaintiffs Carmen McTavish and Carin Ahlin seek a declaratory judgment that section 193–2 of the Chicago Municipal Code is unconstitutional, alleging that it is overbroad, vague, and has a chilling effect on their first, fourth, and fourteenth amendment rights. Section 193–2 provides:

> Every common, ill–governed or disorderly house, room or other premises, kept for the encouragement of idleness, gaming, drinking, fornication or other misbehavior, is hereby declared to be a public nuisance, and the keeper and all persons connected with the maintenance thereof, and all persons patronizing or frequenting the same, shall be fined not exceeding two hundred dollars for each offense.

Plaintiffs also seek permanent injunctive relief against enforcement of the ordinance; we granted a preliminary injunction in 1978. This case is before the Court on plaintiffs' motion for summary judgment.

The parties have submitted a "Stipulation of Facts." On October 21, 1977, plaintiff Ahlin was arrested and charged under section 193–2 as an "inmate of a disorderly house." At the time of the arrest, Ahlin was employed in a night club in Chicago's Rush Street area. Other persons were also arrested with her and charged with certain criminal violations, including solicitation for prostitution. On October 24, 1977, plaintiff McTavish, who was also employed in the Rush Street area, was arrested and charged under circumstances similar to those involving Ahlin. On December 1, 1977, all criminal charges brought against Ahlin and McTavish and others who had been charged as "inmates" with them were non-suited by the State's Attorney of Cook County. As a result of the arrests and subsequent dismissal of charges, plaintiffs have brought this action challenging the constitutionality of section 193–2. Because plaintiffs have been arrested and charged under section 193–2 and because defendants have stipulated that they "intend to enforce the aforesaid Ordinance in the same manner as they enforce other municipal ordinances," the live controversy necessary for adjudication is presented. See Younger v. Harris, 401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971); Boyle v. Landry, 401 U.S. 77, 81, 91 S.Ct. 758, 760, 27 L.Ed.2d 696 (1971).

During the pendency of plaintiffs' motion for summary judgment, this Court became aware of a prior case in the United States District Court for the Northern District of Illinois, Foster v. Zeeko, No. 73 C 891 (March 4, 1975), which had adjudicated the identical issue raised here by plaintiffs and found section 193–2 to be unconstitutionally overbroad and vague. Since neither party had made reference to this case in their initial briefs, we asked for further briefing in light of the Foster decision, particularly on the issue of Foster's preclusive effect on the claims raised by plaintiffs.

For the reasons hereinafter stated, we find that the district court's judgment in Foster is collateral estoppel as to the constitutionality of section 193–2, and accordingly, we grant plaintiffs' motion for summary judgment, issue a declaratory judgment, and grant plaintiffs' request for a permanent injunction against continued enforcement of section 193–2.

### I.

The plaintiffs in Foster v. Zeeko, Alice Foster and William Allen, were arrested at 8:30 p.m. on December 31, 1971, by the Chicago police department and were charged under section 193–2 with being patrons of a disorderly house. They were

released at 5:00 a.m. on January 1, 1972 on $25.00 bond each, and a trial date was set for February 15, 1972. On the date for trial, Foster appeared before a judge of the Circuit Court of Cook County, who denied the prosecution leave to file the complaint against her. Allen failed to appear, a finding of guilty was entered against him, and he was fined $25.00.

Foster and Allen sued the two individual Chicago policemen who had arrested them, the Superintendent of the Chicago Police Department, and the City of Chicago. They sought a declaration of the unconstitutionality of section 193–2, a permanent injunction against enforcement of section 193–2, an expungement of their arrest records, and damages of $1,000.00 per plaintiff against the defendants jointly and severally.

On March 4, 1975, the district court granted Foster and Allen's motion for summary judgment. The court granted a declaratory judgment, holding that section 193–2 was unconstitutional on its face because it was both overbroad and vague. *Foster v. Zeeko*, No. 73 C 891, p. 3 (N.D.Ill. March 4, 1975). Judge Kirkland in that case denied injunctive relief, however, on the ground that "[t]his Court knows Defendant [superintendent of the Chicago Police Department] is a responsible official, and as such will, without judicial compulsion, prevent further arrests under this ordinance" and that "to enjoin two of the City's thousands of policemen would be an exercise in futility." *Id.* at 6. The court granted monetary relief to Foster and Allen against the two Chicago policemen, but granted summary judgment for the superintendent of police on the issue of liability for monetary damages. *Id.* at 8–9. Defendants appealed from the district court's judgment of damages against them, but did not appeal that portion of the district court's judgment which had declared section 193–2 unconstitutional. *Foster v. Zeeko*, 540 F.2d 1310 (7th Cir. 1976). Since there was no appeal from the declaratory judgment that section 193–2 was unconstitutional as both vague and overbroad, the district court's decision on this issue stands

as final. *See* 1B Moore's Federal Practice ¶ 0.415[5], at 2305–06 (1974).

## II.

"Under the doctrine of collateral estoppel . . ., the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5, 99 S.Ct. 645, 649 n.5, 58 L.Ed.2d 552 (1979). In this case, the applicable preclusion doctrine is collateral estoppel; res judicata only applies when the causes of action are the same in both suits and here, since plaintiffs were not parties in *Foster v. Zeeko*, the causes of action are not identical. Collateral estoppel applies when, as here, the second action is upon the same issue in a different cause of action. *Parklane Hosiery Co. v. Shore*, 439 U.S. at 326 n.5, 99 S.Ct. at 645 n.5.

Assuming other conditions are met, plaintiffs can use the judgment in *Foster v. Zeeko* to collaterally estop defendants from litigating again the issue of the vagueness and overbreadth of section 193–2 since that issue was litigated and was necessary to the decision in *Foster v. Zeeko*. Judge Kirkland held that, "Section 193–2 of the Chicago Municipal Code is unconstitutional on its face. . . . While the City of Chicago clearly has an interest in maintenance of public order, it may not accomplish this through vague and overbroad means." *Foster v. Zeeko*, No. 73 C 891 (N.D.Ill. March 4, 1975). Defendants argue that the issues in the two cases are different, and collateral estoppel inappropriate, because the parties and facts are different. Judge Kirkland's decision, however, was not that the statute was unconstitutional as applied to the facts of the case before him but that, as a matter of law, it was unconstitutional on its face regardless of the particular facts to which it may be sought to be applied. The legal analysis pertaining to a vagueness and overbreadth challenge does not vary as the facts vary. Since the legal issues in this case are identical to the legal issues in *Foster v. Zeeko*, collateral estoppel is applicable.

706

Although plaintiffs were not parties in *Foster v. Zeeko*, since defendants or their privies were, plaintiffs may use the judgment in *Foster v. Zeeko* to collaterally estop defendants if the prerequisites to offensive use of prior judgments are met. Application of offensive estoppel is appropriate if a plaintiff could not have easily joined in the earlier action and if it would not be unfair to defendants. *Parklane Hosiery Co. v. Shore*, 439 U.S. at 331, 99 S.Ct. at 651. Plaintiffs meet the first condition; they could not have intervened in *Foster v. Zeeko* since their standing to challenge the ordinance did not arise until their arrests two years after Judge Kirkland's decision. In *Parklane Hosiery*, the Supreme Court gave three examples of circumstances under which collateral estoppel might be unfair to the defendant: (1) if only small or nominal damages were at stake in the first action so that there was no incentive to defend vigorously; (2) if the judgment relied on was inconsistent with previous judgments in favor of the defendant; or (3) if the second action affords the defendant procedural advantages which had been unavailable in the first action and which could cause a different result. 439 U.S. at 330, 99 S.Ct. at 651.

None of those factors are present in this case. In *Foster v. Zeeko*, the City vigorously defended its ordinance against constitutional challenge; the amount of damages awarded ($500.00) was considered substantial enough to merit an appeal to the Seventh Circuit. *Foster v. Zeeko*, 540 F.2d 1310 (7th Cir. 1976) (defendants did not appeal the judgment declaring section 193–2 to be unconstitutional). *Foster v. Zeeko* is not inconsistent with previous judgments in favor of the defendant, nor will the procedures in this Court be more advantageous to defendants than those in the litigation before Judge Kirkland. Defendants received a full and fair opportunity to litigate their case in *Foster v. Zeeko*, and the law of collateral estoppel is not inapplicable on that ground.

## III.

Two further inquiries are necessary to determine the appropriate application of collateral estoppel in this case: first, "whether other special circumstances warrant an exception to the normal rules of preclusion," and second, "whether facts or legal principles have changed significantly since [Judge Kirkland's decision in *Foster v. Zeeko*] . . . ." *Montana v. United States*, 440 U.S. 147, 155, 99 S.Ct. 970, 975, 59 L.Ed.2d 210 (1979).

Defendants argue that there should be an exception to the collateral estoppel effect of a prior judgment when the judgment is a declaration that a state criminal statute is unconstitutional. That argument is based on dicta in *Steffel v. Thompson*, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). In *Steffel*, the Supreme Court held that declaratory relief is not precluded when a state prosecution has been threatened but is not pending and no bad faith enforcement or other special circumstances have been shown. 415 U.S. at 460–62, 94 S.Ct. at 1216–17. The Court noted that the question of the preclusive effect of a federal declaratory judgment on a subsequent prosecution under the state statute was "not free from difficulty . . ." but refused to decide that question in *Steffel*. 415 U.S. at 470, 94 S.Ct. at 1221, *quoting Perez v. Ledesma*, 401 U.S. 82, 126, 91 S.Ct. 674, 697, 27 L.Ed.2d 701 (1971) (separate opinion of Brennan, J.). *Compare* Justice White's concurring opinion in *Steffel*, 415 U.S. at 477, 94 S.Ct. at 1224 ("At this writing at least, I would anticipate that a final declaratory judgment entered by a federal court holding particular conduct of the federal plaintiff to be immune on federal constitutional grounds from prosecution under state law should be considered as more than a mere precedent bearing on the issue before the state court.") *with* Justice Rehnquist's concurring opinion in *Steffel*, 415 U.S. at 482, 94 S.Ct. at 1227 ("If the federal plaintiff pursues the conduct for which he was previously threatened with arrest and is in fact arrested, . . . he may, of course, raise the federal declaratory judgment in the state court for whatever value it may prove to have.") *See also Lawrence v. Woods*, 432

F.2d 1072, 1076 (7th Cir. 1970) (when the federal court's declaration that an ordinance is unconstitutional is made in an unrelated case and at a time when habeas corpus petitioner's appeal from his conviction was pending, "the federal court's ruling was not binding on the state appellate tribunal.")

The issue in this case, however, is distinct from the question left undecided in *Steffel.* An eventual Supreme Court decision that a federal declaration on the constitutionality of a state statute is not res judicata in a subsequent *state* prosecution would not determine the preclusive effect of such a declaration in a subsequent *federal* action, the issue in this case. The resolution of the controversy mentioned in *Steffel* will be made on the basis of principles of federalism and comity which govern federal interference with a state's enforcement of its criminal laws and which were established in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *Steffel v. Thompson*, 415 U.S. at 470, 94 S.Ct. at 1221, and 415 U.S. at 482, 94 S.Ct. at 1227 (Rehnquist, J., concurring). Such principles, of course, do not operate as between federal courts. Absent the countervailing considerations of federalism, the general rule that a declaratory judgment may collaterally estop the litigants from retrying issues should be applied in this case since the normal considerations of judicial economy apply.

In this connection, it should be noted that the question of the preclusive effect of Judge Kirkland's ruling that the ordinance in question is unconstitutional, which became final when not appealed, will, in all probability, never be raised in a state court proceedings. Since 1978, enforcement of the ordinance by the Chicago Police Department has been enjoined and presumably no arrests have been made under it, although, as previously indicated, defendants have stipulated that if permitted to do so, they will enforce it in the future. Since we will now make the 1978 preliminary injunction permanent, there will be no arrests under the ordinance in the future and no question will arise in any state court proceeding as to the constitutionality of the ordinance.

IV.

Our final consideration is "whether facts or legal principles have changed significantly . . ." since *Foster v. Zeeko. Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Because the controlling issues in this case are legal not factual, the difference in the facts of the two cases does not preclude adhering to the collateral estoppel doctrine. We must examine, therefore, whether legal principles have changed between 1975, when *Foster v. Zeeko* was decided, and the present to an extent that justifies relitigating the case.

The statute itself has not been amended since *Foster v. Zeeko*, nor has there been a judicial interpretation of section 193–2 which would narrow its scope or precisely define its terms so that the overbreadth and vagueness findings in *Foster v. Zeeko* might no longer apply. Neither have the legal principles which control vagueness and overbreadth challenges changed significantly since 1975. The Supreme Court has not articulated a new standard nor departed markedly from the analysis which was in effect, and which Judge Kirkland applied, in *Foster v. Zeeko.*

V.

For the reasons stated above, we find that the holding in *Foster v. Zeeko*, No. 73 C 891 (N.D.Ill. March 4, 1975) which found that section 193–2 of the Chicago Municipal Code is unconstitutional precludes the litigation of that issue in this Court. Accordingly, we grant plaintiffs' motion for summary judgment, and issue a permanent injunction against continued enforcement of section 193–2. An appropriate order will be entered.