624 F.Supp. 68 (1985)
UNITED STATES of America ex rel, Carl HOLDER, Petitioner,
v.
CIRCUIT COURT OF the 17TH JUDICIAL CIRCUIT, WINNEBAGO COUNTY, ILLINOIS, Respondent.
No. 84 C 20157.
United States District Court, N.D. Illinois, W.D.
July 15, 1985.
Sherman Carmell, Carmell, Charone & Widmer, Ltd., Chicago, Ill., for petitioner.
Marcia L. Friedl, Neil F. Hartigan, Atty. Gen., Crim. Appeals Div., Chicago, Ill., for respondent.

ORDER
ROSZKOWSKI, District Judge.
Before the court are the petitioner's and respondent's motions for summary judgment. The court's subject matter jurisdiction is predicated upon 28 U.S.C. § 2254 (1982). For the reasons set forth herein, petitioner's motion for summary judgment is granted and respondent's motion is denied.

I. BACKGROUND
Petitioner, Carl Holder, a union business representative involved in union organizing and contract negotiating activities, was convicted of criminal intimidation as defined in Ill.Rev.Stat. ch. 38, ¶ 12-6(a)(3) (1983). The conviction arose from petitioner's alleged threat to an employer during union organizing activities. According to *69 the employer, the petitioner informed him that the concrete would be allowed to harden in the employer's "ready-mix" concrete trucks if the employer did not sign a collective bargaining agreement.[1]
Petitioner's conviction was originally overturned by the Illinois Appellate Court on the grounds that § 12-6(a)(3) was overbroad and conflicted with the First Amendment. People v. Holder, 103 Ill.App.3d 353, 59 Ill.Dec. 142, 431 N.E.2d 831 (1982). The Illinois Supreme Court, two justices dissenting, reversed the appellate court and remanded the case for consideration of the petitioner's remaining arguments. People v. Holder, 96 Ill.2d 444, 71 Ill.Dec. 677, 451 N.E.2d 831 (1983). On remand, the appellate court affirmed the petitioner's conviction. People v. Holder, 119 Ill.App.3d 366, 74 Ill.Dec. 907, 456 N.E.2d 628 (1983). With one justice dissenting, the Illinois Supreme Court refused to review the appellate court's second decision. People v. Holder, 96 Ill.2d 569, 76 Ill.Dec. 505, 458 N.E.2d 1305 (1984). Subsequently, the United States Supreme Court refused to grant a writ of certiorari. Holder v. Illinois, ___ U.S. ___, 104 S.Ct. 3511, 82 L.Ed.2d 820 (1984).
In the present action, the petitioner raises two principal arguments. First, the petitioner contends ¶ 12-6(a)(3) is overbroad and vague in conflict with the First Amendment. Second, the petitioner argues his particular conviction conflicts with national labor policy and the Supremacy Clause of the United States Constitution.

II. DISCUSSION

A. The Illinois Intimidation Statute
Subparagraph 12-6(a)(3) of the Illinois Criminal Code provides:
(a) A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he communicates to another a threat to perform without lawful authority any of the following acts:
* * * * * *
(3) commit any criminal offense[.] * *
Sub-paragraph 2-12 of the Illinois Criminal Code defines "offense" as "a violation of any penal statute of this State." Ill. Rev.Stat. ch. 38, ¶ 2-12 (1983). The Illinois Supreme Court has construed ¶ 12-6(a)(3) as requiring a specific intent to cause another to perform or omit the performance of certain acts. People v. Smith, 78 Ill.2d 298, 35 Ill.Dec. 761, 766, 399 N.E.2d 1289, 1294 (1980). In addition, the Illinois Supreme Court has judicially imposed the requirement that a statement violating ¶ 12-6(a)(3) have "a reasonable tendency to coerce." People v. Gallo, 54 Ill.2d 343, 297 N.E.2d 569, 574 (1973).

B. First Amendment Challenge: Overbreadth
Petitioner initially contends the Illinois intimidation statute is unconstitutionally overbroad in violation of the First Amendment. The "overbreadth doctrine" allows a person against whom a statute may be applied constitutionally to challenge the facial validity of the statute on the grounds that it may conceivably be applied unconstitutionally to others in situations not presently before the court. New York v. Ferber, 458 U.S. 747, 767-69, 102 S.Ct. 3348, 3359-61, 73 L.Ed.2d 1113 (1982). This "overbreadth" exception to ordinary standing requirements is recognized in the First Amendment area because "persons whose expression is constitutionally protected may well refrain from exercising their rights for fear of criminal sanctions by a statute susceptible of application to protected expression." Id. at 768, 102 S.Ct. at 3361 (quoting Schaumberg v. Citizens for a Better Environment, 444 U.S. 620, 634, 100 S.Ct. 826, 834, 63 L.Ed.2d 73 (1980) *70 and Gooding v. Wilson, 405 U.S. 518, 521, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972)). Nonetheless, recent Supreme Court decisions have recognized that the overbreadth doctrine is "strong medicine", to be employed "only as a last resort" when the overbreadth involved is "substantial". Id. 458 U.S. at 769, 102 S.Ct. at 3361 See also Broadrick v. Oklahoma, 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973).
In the present case, the majority of the Illinois Supreme Court recognized that ¶ 12-6(a)(3) potentially could be applied unconstitutionally to certain speech. The majority concluded, however, that the risk of such an application was not substantial. People v. Holder, 96 Ill.2d 444, 71 Ill.Dec. 677, 681, 451 N.E.2d 831, 835 (1983). Specifically, the court noted:
While it is true that under section 12-6(a)(3) one could be prosecuted for threatening to picket in front of city hall without a permit (Ill.Rev.Stat.1979, ch. 38, par. 85-3), or threatening to distribute literature that is deemed `offensive' within the right-of-way limits of a State toll highway (Ill.Rev.Stat.1979, ch. 121, par 314a47½), we find that any such conceivable impermissible applications are dwarfed by the statute's legitimate reach in prohibiting threatened criminal activity.
* * * * * *
We feel that the flaw in section 12-6(a)(3) is not a "substantial concern" when viewed in the context of the legitimate sweep of an intimidation statute.
Id.
In urging that the Illinois intimidation statute is unconstitutional, the petitioner relies principally upon Wurtz v. Risley, 719 F.2d 1438 (9th Cir.1983) and Landry v. Daley, 280 F.Supp. 938 (N.D.Ill.1968) rev'd on other grounds sub. nom 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971). In Wurtz, the petitioner challenged Montana's intimidation statute on the grounds that it was unconstitutionally overbroad in violation of the First Amendment. The pertinent terms of the Montana statute were essentially identical to the terms of the Illinois act. The court found the Montana statute was overbroad, however, noting:
[t]he statutory language applies so broadly [1] to threats of minor infractions, [2] to threats not reasonably likely to induce a belief that they will be carried out, and [3] to threats unrelated to any induced or threatened action, that a great deal of protected speech is brought within the statute.
Id. at 1442. Thus, while noting that the petitioner's behavior was an extremely serious matter that Montana had the right to outlaw through a narrowly drawn or narrowly construed statute, the court concluded that the existing statute fairly invited "the application of the strong medicine of overbreath adjudication." Id.
In Landry, prior to the Illinois Supreme or Appellate Courts having had occasion to construe the statute, a three judge district court held the Illinois Intimidation Statute was unconstitutionally overbroad. First, while recognizing that "[t]he State of Illinois unquestionably has an interest in protecting persons from coercion by threats, even though expression was involved," the court held "Illinois has no legitimate interest in proscribing as intimidation statements that have no reasonable tendency to coerce or statements which, although alarming, are not expressions of an intent to act" Id. at 961. Since the language of the statute was not limited to statements having a reasonable tendency to coerce, or expressions of an intent to act, however, the court found the statute was deficient.
Second, the Landry court held the statute improperly applied to threats of insubstantial evil. Specifically, the court noted:
Sub-paragraph (a)(3) proscribes threats to violate any penal statute. It therefore makes criminal threats such as the following: (1) threats by dissentient groups to engage in disorderly conduct, [2] threats by residents of a high-crime neighborhood to carry concealed weapons for their own protection, and [3] threats by mothers to block a dangerous state highway to demonstrate the need for increased safety measures. Indeed, *71 the phrase `commit any criminal offense' is so broad as to include threats to commit misdemeanors punishable by fine only. These interests are not so substantial that the state's interest in prohibiting the threats of them outweighs the public interest in giving political discussion a wide berth.
Id. at 964 (emphasis in original and footnotes omitted). Consequently, the court held that "making it an offense to threaten to commit any crime, no matter how minor or insubstantial, is an unwarranted limitation." Id.
Both Wurth and Landry are at least partially distinguishable from the present case. As previously noted, the Illinois Supreme Court has judicially imposed the requirement that a statement violating ¶ 12-6(a)(3) must have a "reasonable tendency to coerce." People v. Gallo, 54 Ill.2d 343, 297 N.E.2d 569, 574 (1973). At the time Wurth and Landry were decided, however, the Montana Supreme Court had refused to give the Montana statute a similar narrowing construction and the Illinois Supreme Court had not yet had the opportunity to give the Illinois Statute its narrowing construction. Thus, to the extent those courts' findings of overbreadth were based upon the statutes not being limited to threats "reasonably likely to induce a belief that they will be carried out" (Wurth) or "having a reasonable tendency to coerce" (Landry), the decisions are distinguishable.[2]
In the view of this court, however, the Wurth and Landry courts other grounds for finding the subject statutes were overbroad are fully applicable here. The Illinois statute still suffers from the infirmity of proscribing threats of minor infractions, still making it an offense to threaten to commit any crime no matter how minor or insubstantial. Respondent has not cited, and this court has not located, any Illinois decision narrowing the application of ¶ 12-6(a)(3) in such a fashion as to avoid the unconstitutional applications cited in Landry and reaffirmed in Wurth. Indeed, the Illinois Supreme Court noted several additional potential applications which the court conceded would be impermissible; the court did not, however, suggest any limiting construction which would avoid such potential applications. Instead, as noted previously, the majority of the court merely summarily concluded the "flaw" in ¶ 12-6(a)(3) was not a substantial concern.
This court, however, in accord with the Ninth Circuit in Wurth and the Illinois Appellate and dissenting Supreme Court Justices in the present state court proceedings, finds ¶ 12-6(a)(3) remains substantially overbroad. Indeed, given the examples of impermissible applications cited by the three judge district court in Landry and the majority of the Illinois Supreme Court in the state proceedings, it is difficult to imagine a more openended, overbroad statute. While this court has no doubt the State of Illinois could prohibit the conduct complained of pursuant to a more narrowly drafted statute, this court finds the instant statute was not sufficiently restricted.
If a statute is divided into wholly independent parts, it is well recognized that only the unconstitutional portion of the statute should be invalidated and stricken. See Brockett v. Spokane Arcades, Inc., ___ U.S. ___, ___, 105 S.Ct. 2794, 2801, 86 L.Ed.2d 394 (1985). While the present decision has at times referred loosely to the Illinois Intimidation Statute as a whole, the Court's finding of overbreadth only pertains to subsection (a)(3). Subsection (a)(3) is wholly independent from the remaining six subsections. Thus, only that subsection need be stricken.

III. CONCLUSION
For the reasons set forth herein, petitioner's motion for summary judgment and request for a writ of habeas corpus are granted. Respondent's motion for summary judgment is denied. In view of the resolution of the petitioner's overbreadth *72 objection, petitioner's void for vagueness and Supremacy Clause arguments need not be addressed.
NOTES
[1] Specifically, the evidence at trial showed that the employer was engaged in the business of delivering "ready-mix" concrete in trucks equipped with drums, and that the concrete would harden in the drums if they did not rotate. According to the employer, the petitioner informed him the trucks "... are sitting down the road and the drums aren't turning till [you] sign[] a contract."
[2] Landry is also arguably distinguishable on the grounds that the court's discussion of overbreadth pre-dated Ferber's imposition of a "substantial overbreadth" requirement.