235 N.J. Super. 97 (1989)
561 A.2d 659
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CATHERINE WRIGHT, DEFENDANT-APPELLANT, AND JOHN WARLOW AND DAVID CASTOR, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 10, 1989.
Decided July 20, 1989.
*98 Before Judges PETRELLA, GRUCCIO and LANDAU.
Steinberg and Ginsberg, attorneys for appellant (Saul J. Steinberg, on the brief).
*99 Samuel Asbell, Camden County Prosecutor, attorney for respondent (Teresa M. Burzynski, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by GRUCCIO, J.A.D.
Defendant Catherine Wright was charged, in a 45-count indictment returned by the Camden County Grand Jury, with promoting prostitution, N.J.S.A. 2C:34-1b(1), N.J.S.A. 2C:34-1b(2), N.J.S.A. 2C:34-1b(3), N.J.S.A. 34:1b(4) and N.J.S.A. 2C:34-1b(5); possession of hollow nose bullets, N.J.S.A. 2C:39-3f, and maintaining a premises as a house of prostitution, N.J.S.A. 2C:33-12c. Defendant entered a retraxit plea of guilty to maintaining a house of prostitution pursuant to a plea bargain. The plea agreement provided for a probationary sentence with such conditions as the court would impose in its discretion, a $30 Violent Crimes Compensation Board penalty, dismissal of the remaining counts of the indictment, closing of the private show portion of plaintiff's business for up to six months and confiscation of $2,800 in cash and $1,600 in credit card receipts. The plea was not to be evidential in any civil proceedings. Defendant also retained the right to appeal the conviction but waived all rights to the forfeited money in the event of a reversal.
At sentencing, the judge imposed a sentence in substantial compliance with the plea agreement. Defendant was sentenced to a 3-year term of probation conditioned on her ceasing the above prohibited activity and performing 250 hours of community service. Defendant was ordered to forfeit the $2,800 in cash as agreed to in a consent order.[1] All remaining counts against defendant were dismissed.
*100 We briefly review the facts which are essentially uncontested. Defendant owned an establishment known as the Adult House in Woodlynne, New Jersey, where she maintained an adult bookstore which also offered live entertainment. As a result of a complaint, a prosecutor's investigator went to defendant's establishment. A counter man exchanged the investigator's $10 bill for five one-dollar bills and coins then directed him to a booth where a woman appeared on the other side of a glass partition. The investigator put money in the coin slots, picked up a telephone and spoke with the woman. She said that for $40 they could take off their clothing in a back room where they could feel and touch each other for 15 minutes or $30, for 10 minutes. The woman said they could do anything and everything they wanted except engage in intercourse and that she would sit on his lap and masturbate him. She also indicated tips were accepted and that the fees could be charged on Mastercard or Visa.
Defendant pled guilty to N.J.S.A. 2C:33-12c, admitted splitting fees with her employees and stated facts which substantiated the investigator's report. Defendant essentially admits these allegations in her statement of facts in her brief at the trial level and before us.
On appeal defendant contends:
1. For the reasons set forth in appellant's motion to dismiss the indictment, defendant's conviction should be reversed and the indictment dismissed.
1a. N.J.S.A. 2C:34-1 denies defendant due process of law contrary to the Fourteenth Amendment of the United States Constitution in that it fails to define what conduct would be considered deviant sexual relations and thus fails to give defendant fair warning and proper notice of what conduct is to be proscribed.
2. N.J.S.A. 2C:34-1 is unconstitutionally void for vagueness in that, while attempting to prohibit prostitution, it fails to describe what acts of sexual activity or deviate relations are to be considered as elements of the prostitution charge.
We begin our analysis of this case with a statement of what legal principles are and are not involved. What is involved is a form of sexual activity for money. What is not involved is the constitutionally mandated "zone" of privacy protecting individuals *101 from unwanted governmental intrusion into intimate personal and family concerns. See State v. Saunders, 75 N.J. 200, 216, 217 (1977). Wharton's treatise on Criminal Law comments on the issue of prostitution as follows:
It is the commercial aspect of prostitution, entailing the concomitant evils of professional vice, which attracts the attention of the criminal law. Accordingly, prostitution statutes require the element of "price." The requirement is commonly phrased in terms of a "fee," "fee arrangement", "money," "money or its equivalent", or "compensation"; in Iowa, the accused is a prostitute if he or she "sells or offers for sale" his or her serves [sic] as a partner in a sex act, and under the Model Penal Code the accused is a prostitute if he or she engages in sexual activity "as a business." [2 Wharton, Criminal Law (14 ed. Torcia 1979), § 272 at 462-463; footnotes omitted].
Defendant contends that her conviction is invalid because N.J.S.A. 2C:33-12c and N.J.S.A. 2C:34-1 are unconstitutionally vague and overbroad. Additionally, she contends the concepts of vagueness and overbreadth incorporate fundamental requirements of due process and specificity lacking in the provisions of the statutes under which she was charged.
N.J.S.A. 2C:34-1a(2) defines house of prostitution as follows: "A `house of prostitution' is any place where prostitution or promotion of prostitution is regularly carried on by one person under the control, management or supervision of another." A person is guilty of prostitution "if he or she ... engages in sexual activity as a business; or ... [s]olicits another person in or within view of any public place for the purpose of being hired to engage in sexual activity. Sexual activity includes homosexual and other deviate sexual relations." N.J.S.A. 2C:34-1a(1) and (2).
We examine the constitutional claims in light of the "strong presumption in favor of constitutionality, (citation omitted) and the traditional judicial reluctance to declare a statute void, a power to be delicately exercised unless the statute is clearly repugnant to the Constitution." Paul Kimball Hospital v. Brick Twp. Hospital, 86 N.J. 429, 447 (1981); Abramowitz v. Kimmelman, 200 N.J. Super. 303, 311 (Law Div. 1984).
*102 The vagueness doctrine is essentially a procedural due process concept grounded in the notion of fair play. State v. Lashinsky, 81 N.J. 1, 17 (1979). In Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), Justice White said, "[t]he root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." 407 U.S. at 110, 92 S.Ct. at 1957.
We hold that where a female employee offers to remove her clothing, sit on the lap of a male customer and masturbate him to orgasm in exchange for a fee, such conduct constitutes sexual activity. The phrase "sexual activity," whatever the outer limits of its definition, would clearly and uniformly be recognized by a reasonable reader to include manual arousal of the sexual organ of one person by another.
In its Final Report, the New Jersey Criminal Law Revision Commission stated:
[sexual activity] ... as defined in Subsection a covers not only sexual intercourse but also homosexual and other deviate sexual relations. Our present criminal statute speaks in terms of "sexual intercourse" (N.J.S. 2A:113-1) but the Disorderly Persons Act includes "unlawful sexual intercourse or any other unlawful, indecent, lewd or lascivious act." (N.J.S. 2A:170-5).
Since commercial prostitution offers and even features abnormal forms of sexual gratifications, it is important to include this. Male as well as female prostitution is covered. The Section extends to sexual display not involving contact with the customers, for example, catering to the perverse desire to observe others in sexual activity. [Comment 3 to 2C:34-1].
This statute was enacted by the Legislature with the clear intent to include and prohibit any and all forms of sexual activity in exchange for money. We hold it to be clear and unambiguous both facially and as applied in this case. It provides notice to all reasonably intelligent persons of the conduct prohibited and permits nondiscretionary enforcement *103 by law enforcement authorities. There is no basis to conclude that the statutory term "sexual activity" is limited by the words "homosexual and other deviate sexual relations."
Defendant also contends that N.J.S.A. 2C:34-1 and N.J.S.A. 2C:33-12c are constitutionally overbroad. Wharton's treatise on Criminal Law comments as follows as to statutory overbreadth:
A statute may also be struck down on the ground of "overbreadth", i.e., "it offends the constitutional principle that `a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms'."
In no event is it necessary that an offense be defined with mathematical precision; reasonable precision is sufficient. Indeed, in the case of some offenses, the court may properly consider the Legislature's difficulty in expressing or verbalizing certain concepts. [1 Wharton, Criminal Law (14 ed. Torcia 1978), § 11 at 40-43; footnotes omitted].
Our Supreme Court defined overbreadth and explained its difference from vagueness in Town Tobacconist v. Kimmelman, 94 N.J. 85 (1983).
Overbreadth contentions differ analytically from vagueness claims. The vagueness concept, as noted earlier, rests on principles of procedural due process; it demands that a law be sufficiently clear and precise so that people are given fair notice and adequate warning of the law's reach. The overbreadth concept, on the other hand, rests on principles of substantive due process; the question is not whether the law's meaning is sufficiently clear, but whether the reach of the law extends too far. The evil of an overbroad law is that in proscribing constitutionally protected activity, it may reach farther than is permitted or necessary to fulfill the state's interests. In re Hinds, 90 N.J. 604, 617-618 (1982); State v. Lashinsky, 81 N.J. 1, 15-18 (1979); Landry v. Daley, 280 F. Supp. 938, 951-52 (N.D.Ill.), app. dism. 393 U.S. 220, 89 S.Ct. 455, 21 L.Ed.2d 392 (1968), rev'd on other grounds sub nom. Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971). [Id. 94 N.J. at 125, n. 21].
In State v. Lee, 96 N.J. 156, 165 (1984), the Supreme Court stated, "the overbreadth doctrine is invoked when an enactment impinges on First Amendment rights (citations omitted). Indeed, the overbreadth doctrine emanates from the notion that `First Amendment freedoms need breathing space to survive.'" *104 See NAACP v. Button, 371 U.S. 415, 433, 83 S.Ct. 328, 338, 9 L.Ed.2d 405, 418 (1963).
Here, the prostitution statutes enforced against defendant do not impinge upon any First Amendment rights. Sexual activity for money is not protected by a constitutional right to privacy nor is it protected under a State-granted right to privacy. In Saunders, Justice Pashman said: "This is not to suggest that the State may not regulate, in any appropriate manner, activities which are designed to further public morality. Our conclusion today extends no further than to strike down a measure which has as its objective the regulation of private morality." 75 N.J. at 219; emphasis in original.
We find the evil inherent in commercial prostitution (the exploitation and degradation of women) sufficient reason for the State's right to prohibit this activity. However, the Final Report on the New Jersey Code of Criminal Justice notes more expansive reasons associated with commercial prostitution. These reasons include the spread of venereal disease, the corrupt influence on government and law enforcement machinery, the creation of an incentive to coerce and exploit women, and maintenance of criminal organizations and parasitic elements living on the proceeds of prostitution. Comment 4 to 2C:34-1. As the Commission noted, most of these evils, with the exception of the spread of venereal disease, are wholly absent from non-commercial promiscuous sexual activity. Ibid.
The evil of the business of prostitution as practiced by defendant is carefully addressed in our statutes. We find no danger that these statutes will be used to penalize private consensual sexual activity. There is no constitutional impediment to the prosecution of the activity for which defendant pled guilty.
Affirmed.
NOTES
[1] The judgment of conviction did not include the forfeiture of the credit card receipts since the State was unable to obtain the money from those receipts.