United States Court of Appeals,

Fifth Circuit.

No. 94-10875.

Prince JOHNSON, et al., Plaintiffs-Appellees,

v.

CITY OF DALLAS, TX, et al., Defendants-Appellants.

Aug. 23, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before WISDOM, DUHÉ and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Appellants, the City of Dallas, et al., appeal from the district court's August 18, 1994 memorandum opinion and order granting in part and denying in part Appellees' application for preliminary injunction. Because we find that Appellees are without standing to raise their Eighth Amendment claim, we reverse, vacate the preliminary injunction and remand with instructions to dismiss Appellees' Eighth Amendment claims.

## I. BACKGROUND

Plaintiffs, seeking to represent a class[1] of homeless persons, filed this action asserting that various City of Dallas (City) ordinances, as enforced, violated their First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendment rights. On May 20, 1994, the district court, after a hearing, entered a temporary

---

[1]Subsequent to the date of this appeal, the district judge certified this lawsuit as a class action pursuant to Fed.R.Civ.P. 23(b)(2).

restraining order (TRO) enjoining the City from arresting, harassing and/or otherwise interfering with Appellees and those they represent. On June 2, 1994, the court granted in part and denied in part Appellees' motion for preliminary injunction. Specifically, the district court dissolved that portion of the TRO that enjoined the City from enforcing the Texas Criminal Trespass Statute.[2] On August 18, 1994, after additional briefing, the district court entered a memorandum opinion and order[3] in which he reconsidered and modified his June 2nd order.

The district court concluded that, as applied, the sleeping in public ordinance failed to pass constitutional muster under an Eighth Amendment analysis,[4] and entered a preliminary injunction enjoining its enforcement. However, the court concluded that the remaining ordinances were constitutionally valid. Appellees have not filed a cross-appeal; therefore only the district court's Eighth Amendment ruling on the sleeping in public ordinance is presently before the court.

## II. STANDING

Appellants assert that Appellees lack standing to raise an Eighth Amendment challenge to the sleeping in public ordinance. We agree. Although this issue is raised for the first time on appeal, standing is jurisdictional, and may be raised at any time. *See*

---

[2]Texas Penal Code § 30.05. The district court specifically permitted *uniform* enforcement of the statute on city property.

[3]*Prince v. City of Dallas,* 860 F.Supp. 344 (N.D.Tex.1994).

[4]The district court rejected the remaining constitutional challenges to the sleeping in public ordinance.

2

*FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990).

> It is a long-settled principle that standing cannot be "inferred argumentatively from averments in the pleadings," but rather "must affirmatively appear in the record." And it is the burden of "the party who seeks the exercise of jurisdiction in his favor," "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." Thus, petitioners in this case must "allege ... facts essential to show jurisdiction. It [they] fai[l] to make the necessary allegations, [they have] no standing."

*Id.* at 231, 110 S.Ct. at 608 (citations omitted, modification in original).

The law is well settled that "a plaintiff who has not been prosecuted under a criminal statute does not normally have standing to challenge the statute's constitutionality." *See, Boyle v. Landry,* 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) ("An examination of the history of the Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was designed to protect those convicted of crimes."); *see also, Palermo v. Rorex,* 806 F.2d 1266, 1271 (5th Cir.1987), *cert. denied,* 484 U.S. 819, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987) ("The cruel and unusual punishment clause of the Eighth Amendment applies only in criminal actions, following a conviction.").[5]

---

[5]It is equally evident that the state does not incur Eighth Amendment liability even where injury occurs as the result of official conduct, unless the individual was being held in custody after criminal conviction. *See Ingraham v. Wright,* 430 U.S. at 664, 97 S.Ct. at 1409 (Corporal punishment of school children does not violate Eighth Amendment); *Graham v. Connor,* 490 U.S.

Nonetheless, Appellees urge us to follow the lead of *Joyce v. City and County of San Francisco*[6] wherein the district court spun certain language out of the Supreme Court's *Ingraham v. Wright* opinion to weave a new theory of Eighth Amendment jurisprudence out of whole cloth. In *Joyce,* the district court rejected the City and County of San Francisco's assertion that plaintiffs lacked Eighth Amendment standing to challenge the constitutionality of certain ordinances because they had not been convicted of violating the ordinances. An examination of the *Ingraham* case readily displays the fallacy of the court's conclusion.

> In *Ingraham v. Wright,* the Supreme Court recognized that the
>
> Cruel and Unusual Punishments Clause [of the Eighth Amendment] circumscribes the criminal process in three ways: First, it limits the kinds of punishment that can be imposed on those convicted of crimes; second, it proscribes punishment grossly disproportionate to the severity of the crime; and third, *it imposes substantive limits on what can be made criminal and punished as such.*

430 U.S. at 667, 97 S.Ct. at 1410 (citations omitted, emphasis supplied). The *Joyce* court relied on the above emphasized language for the proposition that an accused may challenge a statute, prior

---

386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (In excessive force suit brought under 42 U.S.C. § 1983, "the less protective Eighth Amendment standard applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.' "); *Lynch v. Cannatella,* 810 F.2d 1363, 1375 (5th Cir.1987) (same); *Hewitt v. Truth or Consequences,* 758 F.2d 1375, 1377 n. 2 (10th Cir.1985), *cert. denied,* 474 U.S. 844, 106 S.Ct. 131, 88 L.Ed.2d 108 (1985) (same); *D'Aguanno v. Gallagher,* 50 F.3d 877, 879 n. 2 (11th Cir.1995) (Deputy sheriff's conduct toward homeless people could not constitute Eighth Amendment violation where homeless persons had not been convicted of any crime.).

[6]846 F.Supp. 843 (N.D.Cal.1994).

to conviction, on the basis that it is outside the Eighth Amendment's "substantive limits on what can be made criminal." 846 F.Supp. at 853.

However, the *Joyce* court ignored the remaining language of the *Ingraham* opinion. As stated previously, *Ingraham* stands for the proposition that the Eighth Amendment "was designed to protect those convicted of crimes." *Ingraham v. Wright,* 430 U.S. at 664, 97 S.Ct. at 1409. The mere fact that a convicted person can attack the Eighth Amendment validity of a law does not affect this basic tenet. In fact, an examination of *Robinson v. California,*[7] the case on which the Court relied for its conclusion that the Eighth Amendment places substantive limits on the criminal law, runs contrary to *Joyce* 's holding; because *Robinson* involved a *post conviction* challenge to the validity of a California law. *Robinson v. California,* 370 U.S. at 663, 82 S.Ct. at 1418-19. The *Joyce* court plainly reached an incorrect result on this issue, and we have found no other authority supporting Appellees' proposition.

We have thoroughly examined the designated record on appeal. While we find that numerous tickets have been issued, we find no indication that any Appellees have been *convicted* of violating the sleeping in public ordinance. "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).

---

[7]370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

5

As the Supreme Court has set forth previously, "[t]he case-or controversy doctrines state fundamental limits on federal judicial power in our system of government. The Art. III doctrine that requires a litigant to have "standing' to invoke the power of the court is perhaps the most important of these doctrines." *Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Appellees do not have standing to raise an Eighth Amendment challenge to the sleeping in public ordinance, and therefore the district court was without jurisdiction to issue the preliminary injunction enjoining its enforcement.

## III. CONCLUSION

We REVERSE the holding of the district court on Appellees' Eighth Amendment challenge, VACATE the preliminary injunction and REMAND with instructions to dismiss Appellees' Eighth Amendment challenge for lack of standing.

REVERSED, VACATED and REMANDED with instructions.