IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40419
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

REYMUNDO CASTILLO, III,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CR-190-1
--------------------

December 9, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

    Reymundo Castillo, III, appeals his conviction under 18 U.S.C. § 922(j) for possession of a stolen firearm.

    Castillo argues that the district court erred by refusing to accept his guilty plea to a charge of violating 18 U.S.C. § 922(n), a charge which was later dismissed by the Government. The record reflects that Castillo voluntarily withdrew his guilty plea. Therefore, his argument that the district court erred in refusing to accept his guilty plea is meritless.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Castillo also argues that 18 U.S.C. § 922(n) and § 922(j) are unconstitutional exercises of Congress' Commerce Clause power.  Because he was not convicted under 18 U.S.C. § 922(n), Castillo has no standing to challenge the constitutionality of that statute.  See Johnson v. City of Dallas, 61 F.3d 442, 445 (5th Cir. 1995).

Title 18 U.S.C. § 922(j) is a constitutional exercise of Congress' powers under the Commerce Clause.  See United States v. Luna, 165 F.3d 316, 321 (5th Cir.), cert. denied, 119 S. Ct. 1783 (1999).  His argument to the contrary has no merit.

Castillo also argues that the district court erred by refusing to instruct the jury that it had to find the firearm in question had an explicit connection or substantial effect on interstate commerce.  Such a jury instruction is an incorrect statement of the law, and Castillo has failed to show the district court abused its discretion by refusing to give such an instruction.  See United States v. De Leon, 170 F.3d 494, 499 (5th Cir. 1999), cert. denied, ___ S. Ct. ___ (No. 98-9979, Oct. 4, 1999).

AFFIRMED.